Carter v. State 






NO. 10-89-061-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â DANNY SCOTT CARTER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From 66th Judicial District Court
Hill County, Texas
Trial Court # 29,112

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Â A jury convicted Appellant of theft and assessed his punishment at eighteen years in prison
and a $5,000 fine. We must decide if he was convicted of felony theft, misdemeanor theft or if
he is entitled to an acquittal. See Tex. Penal Code Ann. Â§ 31.03(e) (Vernon Supp. 1991). We
will acquit Appellant.
Â Â Â Â Â Â Â Â Â Â The indictment charged Appellant with third-degree felony theft by alleging that he
unlawfully appropriated property of another "under the value of $750" and that he had been
convicted two or more times of theft. See id. at Â§ 31.03(e)(4)(E). The indictment also alleged a
prior burglary conviction by way of enhancement. The State presented no evidence of the prior
theft convictions during the guilt-innocence stage of the trial. At the end of the testimony, the
court charged the jury:
Now if you find from the evidence beyond a reasonable doubt that on or about...
in Hill County, Texas, the [Appellant]... did unlawfully appropriate from [complainant],
the owner, one (1) AM-FM stereo and one (1) eight inch vise, without the effective consent
of said owner with intent to deprive the owner of said property and that the value of said
property was less than $750.00, then you will find the [Appellant] guilty as charged in the
indictment.

The charge did not mention the prior theft convictions and did not contain a charge on lesser-included offenses. The jury returned a guilty verdict. During the punishment phase, the court
charged the jury on the punishments applicable if the jury found that Appellant had been convicted
of all three prior offenses, if he had only been convicted of the prior theft offenses, or if he had
been convicted of no prior offenses. The jury returned a verdict that Appellant had been convicted
of all three prior offenses and assessed his punishment accordingly.
Â Â Â Â Â Â Â Â Â Â Appellant complains of the court's failure to require the jury to find that he was convicted
of the prior theft offenses at the guilt-innocence phase of the trial and alleges that the evidence was
insufficient to sustain the judgment.
Â Â Â Â Â Â Â Â Â Â We note in passing that the district court of Hill County has concurrent jurisdiction of
misdemeanor offenses, so that a misdemeanor offense could be tried in the district court. See
Tex. Gov't Code Ann. Â§ 24.168 (Vernon 1988). That fact did not, however, determine our
disposition of this case. 
Â Â Â Â Â Â Â Â Â Â Since the adoption of the statute authorizing third-degree felony punishment for theft of
property under the value of $200 (now $750) when the defendant has been convicted two or more
times of any grade of theft, confusion has surrounded the use of the term "enhancement" when
describing the role of the prior theft offenses required in the indictment to charge the offense. 
Tex. Penal Code Ann. Â§ 31.03(e)(4)(E) (Vernon Supp. 1991); Gant v. State, 606 S.W.2d 867,
869 n.2 (Tex. Crim. App. [Panel Op.] 1980). Strictly speaking, the allegations of prior theft
offenses in indictments for this purpose are not "enhancements," but are "elements of the offense"
and are "jurisdictional" in the sense that they must be included in an indictment to allege the third-degree felony theft proscribed by the statute. Gant, 606 S.W.2d at 871-72 n.9. Because the prior
theft offenses are elements of the offense, that portion of the indictment alleging them should be
read to the jury at the beginning of the guilt-innocence phase of the trial, evidence of them should
be permitted during that phase, and the guilt-innocence charge must require the jury to find the
prior theft offenses before returning a general guilty verdict of third-degree felony theft. Tex.
Code Crim. Proc. Ann. art. 36.01 (Vernon Supp. 1991); Gant, 606 S.W.2d at 871-72 n.9.
Â Â Â Â Â Â Â Â Â Â Gant teaches that Appellant must be acquitted because (1) there was no finding during the
guilt-innocence stage that he had been twice convicted of theft, (2) there is no proscription against
theft of property "under the value of [$750]," and (3) no lesser-included offense was submitted for
the jury's consideration. See Tex. Penal Code Ann. Â§ 31.03(e)(1),(2),(3) (Vernon Supp. 1991);
Gant 606 S.W.2d at 872 n.10. Gant does not explicitly hold that there are no lesser-included
offenses within this variety of third-degree felony theft, although the opinion may be subject to
that interpretation. See Gant 606 S.W.2d at 872 n.10
Â Â Â Â Â Â Â Â Â Â We hold that the State, by failing to prove the prior theft convictions during the guilt-innocence stage of the trial, failed to prove all the elements of the offense of third-degree felony
theft. See Tex. Penal Code Ann. Â§ 31.03(e)(4)(E) (Vernon Supp. 1991). 
Â Â Â Â Â Â Â Â Â Â Because our understanding of the Gant decision forecloses any result other than an
acquittal, we do not reach Appellant's other points. See Gant, 606 S.W.2d 867. We reverse the
judgment and remand the case to the trial court with instructions to enter a judgment of acquittal.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas, Justice Cummings,
Â Â Â Â Â Â Â Â Â Â and Justice Vance
Reversed and remanded
Opinion delivered and filed February 14, 1991
Publish
Â 



n:justify;line-height:200%'>AFFIRMATIVE
LINKS

To establish the offense of unlawful possession of
a controlled substance, the State must show that the accused exercised actual
care, custody, control, or management over the contraband and knew that what he
possessed was contraband.  Humason v. State, 728 S.W.2d 363, 365 (Tex. Crim.
App. 1987).Â  The control over the contraband need not be exclusive, but can be
jointly exercised by more than one person.Â  Cude v. State, 716 S.W.2d
46, 47 (Tex. Crim. App. 1986).Â  When the accused is not in exclusive control of
the place where the contraband is found, the State must show additional
affirmative links between the accused and the contraband to show his or her
knowledge of or control over the contraband.Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  "Affirmative links" is a
shorthand expression to identify what must be proven in a prosecution for the
possession of illegal drugs.Â  Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).Â  An accused must not only have exercised actual care, control, or
custody of the substance, but must also have been conscious of his connection with
it and have known what it was.Â  Evidence which affirmatively links him to it
suffices for proof that he possessed it knowingly.Â  Id. Â This evidence
may be direct or circumstantial.Â  Id. Â In either case it must establish,
to the requisite level of confidence, that the accused's connection with the
drug was more than just fortuitous.Â  Id. Â This is the whole of the
so-called "affirmative links" rule.Â  Id. Â It is a shorthand
expression of what must be proven to establish that a person possessed some
kind of drug "knowingly or intentionally."Â  Id.

Â Â Â Â Â Â Â Â Â Â Â  The affirmative links analysis also
applies to possession of firearms.Â  Bollinger v. State, 224 S.W.3d 768, 773
(Tex. App.ÂEastland 2007, pet. filed) (ÂWhen the firearm is not found on the
accused's person or is not in the accused's exclusive possession, additional
facts must affirmatively link the accused to the firearm.Â).




APPLICATION

Â Â Â Â Â Â Â Â Â Â Â  With these standards in mind, we turn
to JasonÂs contentions that the evidence that he was in possession of the gun
or cocaine is legally or factually insufficient to sustain the convictions,
considering the evidence presented at trial.

Jason points to the testimony of members of his
family, the fact that the investigation prior to the search was focused on
Kevin (officers testified that they never received any information about Jason
prior to the search), the search warrant that contained only KevinÂs name, the
absence of JasonÂs fingerprints in the second bedroom, the fact that neither
the gun nor the cocaine was found on JasonÂs person, and the fact that Jason
was in the living room at the time the search began to demonstrate that a
rational jury could not have determined possession beyond a reasonable doubt.Â 
He further says the evidence shows that the cocaine was not in plain view, no
conduct indicating a consciousness of guilt, no special relationship with the
cocaine, and no recent consumption of drugs.

The State maintains that the evidence that Jason
lived at the residence and exercised care, custody, and control over the gun and
cocaine is Âoverwhelming,Â saying Âthe jury simply rejected his theory.Â

As we have noted, in a legal sufficiency review,
we do not resolve conflicts of fact or assign credibility to the witnesses, and
inconsistencies in the evidence are resolved in favor of the verdict.Â  See
Curry, 30 S.W.3d at 406; Dewberry, 4 S.W.3d at 740.Â  Applying this
standard, we find that a rational jury could have credited the evidence showing
that Jason lived at 1321 Spring Street and disregarded the contrary evidence to
find that he exercised joint control over the cocaine and the gun and find him
guilty beyond a reasonable doubt.Â  Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2789; Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (We
are in the position of a final, due process safeguard, ensuring only the
rationality of the fact finder.); Cude, 716 S.W.2d at 47. Â We thus
reject his contentions that the evidence is legally insufficient.

Â Â Â Â Â Â Â Â Â Â Â  Related to factual sufficiency, our
task is to review the evidence weighed by the jury that tends to prove the
existence of the elemental fact of knowing possession and compare it with the
evidence that tends to disprove that fact.ÂÂ  Johnson, 23 S.W.3d at 7.Â 
Again, we do not indulge in inferences or confine our view to only the evidence
favoring one side of the case.Â  Rather, we look at all the evidence on both
sides and then make a predominantly intuitive judgment.Â  Id.Â  Utilizing
this standard in a neutral review, we cannot find that the evidence demonstrates either that the proof tending to show
that Jason was affirmatively linked to the cocaine and the gun is so weak or
that conflicting evidence that he had little connection to the residence is so
strong as to render the juryÂs verdict clearly wrong and manifestly unjust. Â Watson,
204 S.W.3d at 414-15; see also Bollinger, 224 S.W.3d at 774-75; Brown,
911 S.W.3d at 747.Â  Thus, we reject JasonÂs factual sufficiency complaints.

Â Â Â Â Â Â Â Â Â Â Â  We overrule issues one and two.




CONCLUSION

Â Â Â Â Â Â Â Â Â Â Â  Having rejected JasonÂs issues, we
affirm the judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed August 1, 2007

Do
not publish

[CR25]









[1]
Kevin identified a bill in JasonÂs name from
the city of Waco for water and sewer service at the residence.Â  He said he gave
Jason the money to turn the lights, water, sewer, and cable service on and that
the phones were in his cousinÂs name.

Â