

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00698-CR

Della Jean **PEOPLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 27th District Court, Bell County, Texas
Trial Court No. 68127
The Honorable Joe Carroll, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  February 20, 2013

AFFIRMED AS MODIFIED

Della Jean Peoples, appellant, appeals her conviction for the offense of theft of property with a value of under $1,500, third offense, for which she entered a plea of guilty and was sentenced to twenty-three months' confinement. Appellant contends (1) her plea of guilty was involuntary because she was misadvised by her counsel of the applicable range of punishment for the indicted offense, and (2) the judgment should be reformed to reflect appellant did not enter a plea of true to the first enhancement paragraph and no finding of true was made on the first enhancement paragraph.

# BACKGROUND

The first paragraph of the indictment charged appellant with theft under section 31.03 of the Texas Penal Code. Theft under section 31.03 is a misdemeanor, but is increased to a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2010). There were two subparagraphs under paragraph one that alleged the two prior theft offenses for which appellant had been previously convicted, increasing the charged offense to a state jail felony. The second and third paragraphs of the indictment were for purposes of enhancement and alleged that appellant had been previously convicted, in addition to those prior theft offenses in the two subparagraphs under paragraph one, of felony theft and of robbery. At the plea hearing, the State abandoned the second and third paragraphs.

Appellant's trial counsel, relying on the second and third paragraphs of the indictment, mistakenly advised appellant she was subject to punishment for a second degree felony and was facing a prison sentence of up to twenty years. The accurate punishment range was six months to two years. Three days prior to her entry of a plea, appellant's trial counsel filed a motion to withdraw. At the hearing on the motion to withdraw, appellant's trial counsel stated:

> [Trial counsel]: And then I explained to you at some point it was going to be enhanced because of the prior convictions you've had for theft, right?
> [Appellant]: Yes.
> [Trial counsel]: So instead of looking at a misdemeanor punishment or a year in jail or anything like that, you're actually looking at some significant time. You're facing up to 20 years in prison based on your prior theft convictions enhancing the punishment in this case.
> [Appellant]: Yes.

The trial court denied counsel's motion to withdraw. Three days later, appellant came before the court to enter a plea of "guilty." The record of the plea hearing demonstrates it was clear to all parties the State had abandoned the second and third paragraphs of the indictment,

proceeding only on the state jail felony charge in paragraph one containing the two subparagraphs alleging prior theft offenses. The court stated:

> The Court: . . . And they had the Second and Third Paragraphs, but I believe they've dropped. Is that right?
> [State]: We are, Judge.
> The Court: So, what that means is, is that under Texas law your misdemeanor has been enhanced to a state jail felony, and the punishment range in your case could be as little as six months or as much as two years, or anything in between, and you also could possibly get a $10,000 fine.
> [Appellant]: Yes, sir.
> The Court: Okay. And I'm sure you understand that, Ms. Peoples, and your attorney has explained it to you. Is that right?
> [Appellant]: Yes, sir.

The court then proceeded to accept her plea of "guilty" to paragraph one of the indictment and her plea of "true" to the two subparagraphs:

> The Court: Okay. Well, your papers here in the file say that you want to waive your rights, you don't want a jury, you don't want witnesses. You want to plead "guilty." You want to plead "true" to the two-numbered paragraphs so you would be — two numbered subparagraphs, so you would be pleading "guilty" to a state jail and waive all your rights and you want to make a confession.
> [Appellant]: Yes, sir.

**INVOLUNTARY PLEA BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL**

Appellant's first issue on appeal is her plea of guilty was involuntary because she was misadvised by her counsel of the applicable range of punishment for the indicted offense. The State argues the voluntariness of the plea was never brought to the trial court's attention and, thus, the issue is not preserved for our review. We note appellant did not complain to the trial court and raises this issue for the first time on appeal. The Court of Criminal Appeals has held a complaint about the voluntariness of a guilty plea is a "non-structural error" that must be preserved in accordance with rule 33.1 of the Texas Rules of Appellate Procedure or it is waived. *See Mendez v. State*, 138 S.W.3d 334, 338–39 (Tex. Crim. App. 2004) (en banc); TEX. R. APP. P. 33.1 (providing, generally, an objection and ruling by the trial court must be obtained to preserve

errors for appellate review). We conclude appellant has not preserved a complaint about the voluntariness of her plea for appellate review. However, even if appellant had preserved the issue by objecting at the hearing or by raising the issue in a motion for new trial, we would resolve it against her for the reasons stated below.

"In determining whether a plea is voluntary, we consider the record as a whole." *Labib v. State*, 239 S.W.3d 322, 332 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When the record demonstrates the appellant was properly admonished by the trial court, a prima facie case is presented that the guilty plea was made voluntarily and knowingly and the burden then shifts to the appellant to show the plea was entered without understanding the consequences. *Id.* When an appellant claims a plea was involuntary due to ineffective assistance of counsel, the appellant must show (1) that counsel's advice was outside the range of competency demanded of attorneys in criminal cases and (2) that, but for the counsel's erroneous advice, the defendant would not have pleaded guilty and would instead have gone to trial. *Ex parte Moody*, 991 S.W.2d 856, 857–58 (Tex. Crim. App. 1999).

Here, it appears appellant's trial counsel initially misinformed her as to the punishment range. However, even assuming appellant's trial counsel's advice was "outside the range of competency demanded of attorneys," appellant has not shown that, but for his erroneous advice, she would not have pleaded guilty. Sometime in the three days between when counsel made the erroneous punishment range statement at the hearing on the motion to withdraw and the plea hearing, the State abandoned the two paragraphs upon which appellant's counsel had based his advice regarding the punishment range.

The record of the plea hearing affirmatively demonstrates the State abandoned paragraphs two and three of the indictment. The record is clear appellant was informed of the correct sentencing range by the trial court after which appellant affirmatively responded that she

understood the accurate punishment range and that her counsel had fully explained the punishment range to her. Therefore, any reliance appellant may have placed on counsel's previous advice was clearly disposed of at the plea hearing.

Appellant must show that but for counsel's erroneous advice, she would not have pleaded guilty. However, the record clearly shows the mistaken advice of counsel was corrected. Appellant's plea of guilty was entered only after she confirmed on the record that she fully understood the punishment range as being six months to two years, her counsel had explained that to her, and her plea was being entered freely and voluntarily. Accordingly, we overrule appellant's first issue on appeal.

### REFORMATION OF JUDGMENT

In her second issue on appeal, appellant asserts the judgment of the trial court should be reformed to reflect she did not enter a plea of "true" to the first enhancement paragraph.

Originally, the indictment contained three paragraphs. The first paragraph charged appellant with the offense of theft, and contained two subparagraphs, numbered (1) and (2), alleging previous theft offenses for which appellant had been convicted, elevating her theft charge to repeat offender status—a state jail felony. This was the only paragraph to which appellant entered a plea.

The second and third paragraphs were "enhancement" paragraphs alleging appellant had been previously convicted of felony theft and of robbery, in addition to the two prior theft offenses listed in the two numbered subparagraphs under paragraph one. Both "enhancement" paragraphs were abandoned by the State. However, the judgment reflects appellant pled "true" to the first enhancement paragraph. Appellant asks that we reform the judgment to reflect her plea to the first enhancement paragraph was "n/a" because the State abandoned all enhancement paragraphs.

In *Gant v. State*, the Court of Criminal Appeals referred to the prior theft offenses in a theft increased to a state jail felony based on repeat offender status as "jurisdictional elements" of the offense alleged. *Gant v. State*, 606 S.W.2d 867, 871 (Tex. Crim. App. 1980). Therefore, the two subparagraphs under the first paragraph were not "enhancements," but are considered "jurisdictional elements" that must be proven in order to increase a theft to a state jail felony based on two prior theft convictions. It appears the judgment reflecting that appellant pled "true" to the first "enhancement" paragraph meant to convey that appellant pled "true" to the two subparagraphs under the paragraph that charged her with the underlying offense of theft of property. We conclude appellant pled "true" to the two prior theft offenses that were set out in the subparagraphs under paragraph one of the indictment, thus making her a "repeat offender" and elevating her offense of theft to a state jail felony; the second and third "enhancement" paragraphs were abandoned and she therefore did not plead "true" to any "enhancements."

This court has the power to modify the judgment of a trial court. TEX. R. APP. P. 43.2(b). Accordingly, we modify the judgment to reflect appellant's plea to and the findings on the first enhancement paragraph to be "n/a." We further modify the judgment to reflect appellant's plea to the offense as: "GUILTY as to offense; TRUE as to repeat offender status."

## CONCLUSION

For the reasons stated above, we affirm the trial court's judgment as modified.

Sandee Bryan Marion, Justice

Do not publish

- 6 -