The STATE of Texas, Appellant,

v.

Michael Anthony NELMS, Appellee.

No. 01-89-00073-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 13, 1989.

Rehearing Denied Aug. 3, 1989.

Discretionary Review Refused
Nov. 22, 1989.

Bill Turner, Dist. Atty., Jeffery R. Casey, Asst. Dist. Atty., for appellant.

William W. Vance, Vance, Bruchez & Goss, P.C., Bryan, for appellee.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

DUNN, Justice.

Appellee was indicted for the offense of theft of property valued under $750, elevated by two previous theft convictions pursuant to Tex.Penal Code Ann. section 31.-03(e)(4)(C) (Vernon 1989).[1] Appellee filed a

1. § 31.03 Theft
  . . . .

(e) Except as provided by Subsection (f) of this section, an offense under this section is:

motion to quash the indictment, arguing that a prior misdemeanor theft used earlier to elevate another misdemeanor theft to a felony, may not be used again to elevate a subsequent misdemeanor theft to a felony. The trial court granted appellee's motion to quash that portion of the indictment elevating the offense. The State requested a stay of the proceeding and perfected this appeal.

Appellee is charged with theft of tools and a tool box valued at more than $200 but less than $750. The charge included allegations of two prior theft convictions: one in 1984 (Trial Court Cause No. 15,252, District Court of Brazos County), and one in 1982 (Trial Court Cause No. 7,536, County Court at Law of Brazos County). Cause No. 7,536 had been used previously to elevate Cause No. 15,252 to a third degree felony pursuant to the predecessor statute of section 31.03(e)(4)(C).[2]

Appellee argues that the State is barred from using Cause No. 7,536 to elevate this offense to a third degree felony. He urges that the prior conviction, Cause No. 7,536, was not used for enhancement pursuant to Tex.Penal Code Ann. section 12.46 (Vernon Supp.1989), but was used as an "element" of the third degree felony offense charged in Cause No. 15,252, and, therefore, could not be used again to elevate the offense charged in this case to a third degree felony under section 31.03(e)(4)(C).

Appellee relies on the language found in *Wisdom v. State*, 708 S.W.2d 840 (Tex. Crim.App.1986). In *Wisdom*, the defendant was charged with the offense of unlawful possession of a firearm by a felon. Tex.Penal Code Ann. sec. 46.05 (Vernon 1989). Under this section, "A person who has been convicted of a felony *involving an act of violence* or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives." The defendant had been previously convicted of rape, *which involved an act of violence*, and the State used the rape conviction to prove this element of the offense. The State used this same rape conviction to enhance the defendant's punishment under Tex.Penal Code Ann. section 12.42 (Vernon 1974). The court held that the State could not use the defendant's rape conviction to enhance his punishment to that of a habitual criminal under section 12.42, because the rape conviction was an element of the offense under section 46.05, i.e. the rape was the act of violence.

Appellee argues that, if the State is precluded from using a prior conviction within one indictment for the dual purpose of proving an essential element of the offense and for enhancement, then the State should not be allowed to use a previous conviction as an "element" in two separate convictions. Appellee presupposes that the use of the previous conviction, Cause No. 7,536, to elevate the misdemeanor charge in Cause No. 15,252 to a third degree felony under section 31.03(e)(4)(C) is an "element" of this offense. This is not the situation. The previous convictions are not necessary elements needed to prove the primary misdemeanor offense of theft of property in this case, as it was to prove the necessary element of "an act of violence" in *Wisdom*. The elements of theft in this case are the same as those in other similar misdemeanor theft offenses. The use of the prior convictions are included to elevate the offense to a third degree felony and confer jurisdiction on the district court. *Gant v. State*, 606 S.W.2d 867, 871 (Tex.Crim.App. 1980). In a similar situation, the Court of Criminal Appeals has held that the use of a prior misdemeanor conviction of driving while intoxicated to elevate the offense to a

....
(4) a felony of the third degree if:
....
(C) the value of the property stolen is less than $750 and the defendant has been previously convicted two or more times of any grade of theft.

2. § 31.03(d)(4)(c), *amended by*, ch. 497, sec. 3, 1983 Tex.Gen.Laws 2917, 2918–2919; ch 558, sec. 11, 1983 Tex.Gen.Laws 3237, 3244–3245; and ch. 741, sec. 1, 1983 Tex.Gen.Laws 4523, 4524.

felony did not prevent its subsequent reuse for the same purpose, and such use did not violate the constitutional prohibition against double jeopardy. *Hill v. State*, 158 Tex.Crim. 313, 256 S.W.2d 93, 94 (1953).[3]

We hold that the State is not prohibited from reusing prior theft convictions to elevate the offense of theft of property valued under $750 to a third degree felony under section 31.03(e)(4)(C). The previous convictions do not constitute elements of the primary offense of theft, but are merely used to elevate the offense to that of a third degree felony and to confer jurisdiction upon the district court. *McGinnis v. State*, 746 S.W.2d 479, 480 (Tex.Crim.App.1988); *see also Ex parte Cannon*, 546 S.W.2d 266, 272 (Tex.Crim.App.1976). Further, it has been held that the elevation of punishment under sec 31.03(e)(4)(C) is a "special enhancement" provision. *See Rawlings v. State*, 602 S.W.2d 268 (Tex.Crim.App.1980). In comparison, it is permissible under Tex. Penal Code Ann. section 12.46 (Vernon Supp.1989)[4] to enhance two offenses with the same prior conviction. *Ex parte Bonham*, 707 S.W.2d 107 (Tex.Crim.App.1986).

Point of error one is sustained.

In a cross-point, appellee argues this Court should affirm the trial court's action because the State failed to designate the record on appeal. Any party may file a written designation specifying matters to be included in the transcript. Tex.R.App.P. 51(b). Further, appellee filed a written designation to include the prior indictments at issue in this case, as well as the subsequent revocation of appellee's probation. The appellate record is properly before this Court.

Appellee's cross-point is overruled.

The order of the trial court granting the motion to quash is reversed and the case remanded.

---

3.  *Vasquez v. State*, 477 S.W.2d 629 (Tex.Crim. App.1972), and *Gomez v. State*, 162 Tex.Crim. 30, 280 S.W.2d 278 (1955), overruled *Hill* only to the extent that *Hill*, in dicta, stated that a conviction that occurred before enactment of an enhancement statute *could not be used* for enhancement purposes. What *Vasquez* and *Gomez* stated was that a prior conviction could be used to enhance a penalty where the conviction occurred before the amendment allowing such enhancement.

4.  § 12.46 Use of Prior Convictions
The use of a conviction for enhancement purposes shall not preclude the subsequent use of such conviction for enhancement purposes.