**Sandra Kay MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–93–01877–CR.

Court of Appeals of Texas,
Dallas.

Dec. 6, 1995.

E. Brice Cunningham, E. Brice Cunningham, P.C., Dallas, TX, for Appellant.

Kevin P. Yeary, Assistant District Attorney, Dallas, TX, for Appellee.

Before MALONEY, MORRIS and DEVANY, JJ.

## OPINION

MALONEY, Justice.

The trial court convicted Sandra Kay Moore of theft and assessed a ten-year sentence and a $5000 fine. In two points of error, appellant argues that the trial court erred in finding her guilty of a felony and sentencing her outside the range of punishment. We affirm the trial court's judgment.

The grand jury indicted appellant for theft of less than $750 (the primary theft), a misdemeanor, alleged to have occurred on September 24, 1992. The indictment also alleged two previous theft convictions—a misdemeanor theft conviction in cause number MA90–36659–1 (the first previous theft conviction) and a felony theft conviction in cause number F90–20938–H (the second previous theft conviction).

## ENHANCEMENT AND ELEVATION

Appellant challenges use of the "first previous theft conviction" in the indictment. She contends that the "second previous theft conviction's" indictment had alleged the same "first previous theft conviction" to elevate a misdemeanor theft to a felony theft. Whether a misdemeanor theft may be elevated to a third-degree felony by using the same previous misdemeanor theft conviction both as the "first previous theft conviction" and also as an element of the "second previous theft conviction" is a case of first impression in this jurisdiction.

In appellant's first point of error, she argues that *Rawlings v. State,* 602 S.W.2d 268, 269 (Tex.Crim.App.1980), prohibits the State from alleging the "second previous theft conviction" to enhance punishment under section 12.42(a) of the Texas Penal Code. In appellant's second point of error, she contends that her sentence exceeds the statutorily authorized sentence. We read appellant's brief as arguing that the indictment cannot allege as the "first previous theft conviction" the same theft conviction which the "second previous theft conviction" used to elevate a misdemeanor theft to a felony theft.[1]

---

1. We come to this conclusion by reading both appellant's brief and the statement of facts. At trial, appellant argued the indictment did not allege the two distinct prior theft offenses as

### 1. Applicable Law

#### a. Enhancement for Repeat and Habitual Offenders

■■■ The penal code provides enhanced penalties for repeat and habitual felony offenders. TEX.PENAL CODE ANN. § 12.42 (Vernon 1974 & Supp.1994). Previous theft convictions cannot enhance a subsequent theft conviction beyond a third-degree felony.[2] *Rawlings,* 602 S.W.2d at 270. To enhance punishment of a third-degree felony theft under 12.42(a), the State may use only non-theft felony convictions. *Id.*

#### b. Elevation for Previous Theft Convictions

Under the law applicable at the time of this "primary offense," theft of more than $200 but less than $750 was a class A misdemeanor. *See* TEX.PENAL CODE ANN. § 31.03(e)(3)(A) (Vernon Supp.1994). Additionally, a class A misdemeanor was punishable by a fine not to exceed $3000, a jail term not to exceed one year, or both. TEX.PENAL CODE ANN. § 12.21 (Vernon Supp.1994).

Section 31.03(e)(4)(E) elevates a misdemeanor theft to a third-degree felony if the accused has been previously convicted two or more times of any theft. TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1994). At the time of this offense, a third-degree felony was punishable by imprisonment for a term of two to ten years or confinement in a community correctional facility for a term of not more than one year, and a fine not to exceed $10,000. TEX.PENAL CODE ANN. § 12.34 (Vernon Supp.1994).

■■■ Use of previous theft convictions to elevate a misdemeanor theft to a felony theft does not violate a defendant's due process or double jeopardy rights. *Diamond v. State,* 530 S.W.2d 586, 587 (Tex.Crim.App.1975). Elevating a misdemeanor theft to a felony theft by use of previous theft convictions does not enhance punishment, but creates a

new offense and vests the district court with jurisdiction. *Id.* Previous theft convictions that elevate misdemeanors to felonies are jurisdictional elements of the offense alleged. *Carter v. State,* 804 S.W.2d 326, 327 (Tex. App.—Waco 1991, no pet.).

County courts have original jurisdiction of misdemeanors when the amount of fine that the court may assess exceeds $500. TEX. CODE CRIM.PROC.ANN. art. 4.07 (Vernon Supp. 1995). District courts and criminal district courts have jurisdiction over all felonies. TEX.CODE CRIM.PROC.ANN. art. 4.05 (Vernon Supp.1995).

### 2. Application of Law to Facts

#### a. Enhancement under Section 12.42

■ Here, appellant's *punishment* was not enhanced under section 12.42(a). Rather, the two previous theft convictions created a new felony theft. The trial court assessed appellant's punishment at ten years' confinement and a $5000 fine. This sentence was within the range of punishment for a third-degree felony. We overrule appellant's first point of error.

#### b. Elevation under Section 31.03

■ The Houston First Court of Appeals has addressed the "bootstrapping" of previous theft convictions in *State v. Nelms,* 775 S.W.2d 25 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The *Nelms* indictment alleged a misdemeanor theft elevated to a felony theft with two previous theft convictions under section 31.03(e)(4)(C), a predecessor of section 31.03(e)(4)(E). There, the "second previous theft conviction's" indictment had elevated a misdemeanor theft to a third-degree felony by use of the same theft conviction that the new indictment alleged as its "first previous theft conviction." Nelms argued that the "first previous theft conviction" was an element of the "second previous theft

required by penal code section 31.03(e)(4)(E). She maintained that one theft conviction had been "bootstrapped" into two theft convictions. Appellant requested that "if the Court finds ... [the State has] proven [only] one separate and distinct conviction against Ms. Moore as alleged in the indictment ...," the court should find her

guilty of a misdemeanor and punish her accordingly.

**2.** *Rawlings* also discussed section 31.03(d)(4)(C) of the code. Section 31.03(d)(4)(C) was the predecessor of 31.03(e)(4)(E).

conviction" and, therefore, could not be used again to elevate the "primary theft" to a third-degree felony. *Id.* at 26. The court reasoned that the "previous theft convictions" were not elements of the "primary theft" itself, but merely elevated the "primary theft" to a third-degree felony and conferred jurisdiction on the district court. *Id.* at 27. We agree that "previous theft convictions" are not elements of the "primary theft." However, we conclude that the "previous theft convictions" are elements of the felony theft.[3] Once the State proves the "primary theft," it then must prove the two "previous theft *convictions*," not the elements of those previous convictions.

Section 31.03(e)(4)(C) required *two* or more separate, previous *convictions* of *any theft* to create a new offense with a higher range of punishment. Here, the indictment alleged *two previous theft convictions* under section 31.03(e)(4)(E). Appellant testified she had been *convicted* of both previous thefts. The State did all it had to do to prove the two separate, distinct previous theft convictions at trial. The judge properly sentenced appellant for a third-degree felony. We overrule appellant's second point of error.

We affirm the trial court's judgment.

---

**3.** *See Gant v. State,* 606 S.W.2d 867, 871 n. 9 (Tex.Crim.App.1980); *see also Luedke v. State,* 711 S.W.2d 657, 659 (Tex.Crim.App.1986) (driving while intoxicated statute's provision that is similar to section 31.03(e)(4)(E) in that allegation and proof of previous DWI *convictions* elevates a misdemeanor offense to a felony); *Hill v. State,* 158 Tex.Crim. 313, 256 S.W.2d 93, 94 (1953) (same).