The STATE of Texas, Appellant,

v.

**Larry Brandon NEWSOM, Appellee.**

No. 08-01-00098-CR.

Court of Appeals of Texas,
El Paso.

Nov. 1, 2001.

Al W. Schorre, Jr., Dist. Atty., Eric Kalenak, Asst. Dist. Atty., Midland, for appellant.

David Rogers, Brockett & Lindemood, Midland, for appellee.

Before LARSEN, McCLURE, and CHEW, JJ.

### OPINION

ANN CRAWFORD McCLURE, Justice.

The State of Texas appeals an order quashing the enhancement portion of the indictment against Larry Brandon Newsom. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(1)(Vernon Pamph.2001)(permitting the State to appeal an order which dismisses any portion of an indictment). The sole issue presented is whether a prior probated conviction for stalking may be utilized to enhance a stalking offense to a third degree felony. Finding that a prior conviction must be a final one, we affirm.

### PROCEDURAL SUMMARY

Omitting the formalities, the indictment alleges that Larry Brandon Newsom:

[O]n the 10th day of December A.D., 2000 and on the 11th day of December

A.D., 2000, pursuant to the same scheme and course of conduct that was directed specifically at another person, knowingly, engage in conduct, to-wit: violated the terms and conditions of his probation by going within 200 feet of Nicole Gorman's residence on December 11, 2000, and by calling her at 4:58 a.m. on December 10, 2000, that the said LARRY BRANDON NEWSOM knew and reasonably believed that the said Nicole Gorman would regard as threatening bodily injury and death for the said Nicole Gorman, and caused the said Nicole Gorman to be placed in fear of bodily injury and death and would cause a reasonable person to fear bodily injury and death for herself and before the commission of the aforesaid offense of Stalking by the said LARRY BRANDON NEWSOM, the said LARRY BRANDON NEWSOM had been convicted one time of the offense of Stalking, to-wit: on the 7th day of December A.D., 2000, the said LARRY BRANDON NEWSOM had been convicted of the offense of Stalking in Cause Number 90079, in the County Court of Midland County, Texas.

Newsom filed a motion to quash the indictment on the ground that the prior stalking conviction alleged in the indictment for enhancement purposes is not a final conviction since his sentence has been probated, and therefore, it may not be used to enhance the offense from a misdemeanor to a felony. Following a hearing, the trial court agreed with Newsom, granted the motion to quash, and transferred the case to the County Court at Law. The State timely filed a notice of appeal.

### ENHANCEMENT OF STALKING OFFENSE

The indictment alleged that Newsom committed the offense of stalking against Nicole Gorman on December 10 and 11, 2000. *See* Tex.Pen.Code Ann.

§ 42.072(a)(1), (a)(2)(Vernon Supp.2001). Only four days earlier, Newsom had been convicted of stalking by the County Court of Midland County after he entered a plea of *nolo contendere* in cause number 90079. The Midland County Court assessed punishment at a fine of $800 and confinement for 180 days in the Midland County Jail, but the court suspended the sentence and placed Newsom on community supervision for a term of two years.

Ordinarily, stalking is a Class A misdemeanor. *See* Tex.Pen.Code Ann. § 42.072(b). Pursuant to Section 42.072(b), however, the State sought to enhance the new offense with the prior stalking conviction even though Newsom received a probated sentence. That section provides that:

> An offense under this section is a Class A misdemeanor, except that the offense is a felony of the third degree if the actor has previously been convicted under this section.

The State argues that because the statute does not expressly require that the defendant be "finally convicted" or otherwise require that the conviction be a final one, then we must assume that the Legislature did not intend to impose such a requirement.

### Rules of Statutory Construction

We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results. *Jordan v. State*, 36 S.W.3d 871, 873 (Tex. Crim.App.2001). When the language is ambiguous, we may look to extratextual factors to interpret a statute. *Id.* In construing a statute, regardless of ambiguity, we may consider the following: (1) the object sought to be attained; (2) circumstances under which the statute was enact-

ed; (3) any legislative history; (4) common law or former statutory provisions, including laws on the same or similar subjects; (5) the consequences of a particular construction; (6) administrative construction of the statute; and (7) the title (caption), preamble, and emergency provision. TEX. GOV'T CODE ANN. § 311.023 (Vernon 1998); *Jordan,* 36 S.W.3d at 873.

The State urges, as it did in the trial court, that the absence of any form of the word "final" in Section 42.072(b) indicates the Legislature's intent that the conviction not necessarily be a final one and it takes issue with the trial court's reliance on interpretations of Section 12.42 of the Texas Penal Code [1] for determining finality under Section 42.072(b). Under those decisions, a probated sentence is not a final conviction for enhancement purposes unless it is revoked. *See Jordan* 36 S.W.3d at 875 [and cases cited therein].

In *Jordan,* the Court of Criminal Appeals addressed a similar issue where the State utilized a probated sentence to enhance a conviction for a state jail felony. Absent the prior conviction, the defendant would have been placed on community supervision. Similar to the statute at issue here, Article 42.12, § 15 of the Code of Criminal Procedure [2] did not expressly require that the prior conviction be final and the State argued that the cases construing Section 12.42 were not applicable. The Court of Criminal Appeals noted it had uniformly held that the enhancement provisions of Section 12.42 of the Texas Penal Code require a final conviction even though the statute's predecessors and some provisions in the current statute do not contain any form of the word "final." *Jordan,* 36 S.W.3d at 873 [and cases cited therein]. In 1995, the Legislature added the word "finally" to the text of Sections 12.42(a)(1) and (2) but it did not add it to any of the other subsections in the statute. *Jordan,* 36 S.W.3d at 873–74. While it could be argued that the Legislature's express articulation of a finality requirement in Section 12.42(a)(1) and (2) did not intend to impose a finality requirement in Article 42.12, § 15, the court pointed out that the Legislature, despite its knowledge of the case law applying finality concepts to all of Section 12.42, did not revise other subsections of Section 12.42 to expressly articulate a finality requirement. *Jordan,* 36 S.W.3d at 874. Given the court's consistent construction of "conviction" to mean "final conviction," it found that the placement of the word "finally" in only a few portions of Section 12.42 is not clear evidence of legislative intent with respect to Article 42.12, § 15. *Id.* The court ultimately determined that the consequences of construing Article 42.12, § 15 without a finality requirement strongly support finding such a requirement in the provision. *Id.*

We are likewise persuaded that the absence of any form of the word "final" in Section 42.072(b) is not a clear indicator of legislative intent. Stalking is, by nature and statutory definition, a repeat offense against the same victim. Thus, the State makes a compelling argument that the Legislature intended that a prior conviction for stalking need not necessarily be a final one in order to be used for enhancement purposes. Such a construction of the statute would certainly further the important public policy of protecting victims from the repeated commission of these offenses. On the other hand, the Legislature could have reasonably believed that the victim would be adequately protected by revocation of the defendant's communi-

<hr>

1. TEX.PEN.CODE ANN. § 12.42 (Vernon Supp. 2001).

2. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 15 (Vernon Supp.2001).

ty supervision. It may have also contemplated that other statutes could be utilized to prosecute a defendant in circumstances similar to those presented here. For example, a stalker who immediately contacts his victim following a conviction may be subject to prosecution for retaliation, a third degree felony. *See* TEX.PEN.CODE ANN. § 36.06 (Vernon Supp.2001). Further, the Legislature was certainly aware of the debate surrounding the "final conviction" issue when it enacted Section 42.072 in 1997 and it could have easily included a finality requirement in the statute as it did with the Penal Code's DWI provisions. *Compare* TEX.PEN.CODE ANN. § 49.09(d)(providing that a conviction for an offense under Sections 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 that occurs on or after September 1, 1994, is a final conviction, whether the sentence is imposed or probated). The Legislature's decision not to take this step when it enacted Section 42.072(b) is substantial evidence that the Legislature intended that a prior conviction be a final one before it could be used for enhancement purposes. Therefore, we hold that a conviction must be a final conviction for purposes of Section 42.072(b).

It is undisputed that Newsom's prior conviction is a probated sentence which had not been revoked at the time he allegedly committed the new stalking offense. Because the prior conviction is not a final conviction, the trial court properly granted the motion to quash and dismissed the enhancement allegation. The State's sole issue is overruled and the judgment of the trial court is affirmed.