Opinion issued October 21, 2004






 


In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00283-CR




STACEY LYNN SMITH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 901104




O P I N I O N
          Appellant, Stacey Lynn Smith, was charged with the state-jail felony offense
of prostitution, alleged to have occurred on January 31, 2002, enhanced by three prior
convictions for prostitution. Appellant filed a motion to quash the indictment, which
the trial court overruled. Appellant then pleaded guilty to the charge and was
sentenced to confinement for one year in state jail. Appellant did not waive her right
to appeal the trial court’s ruling on the motion to quash, and the trial court certified
appellant’s right to appeal. 
          In her sole point of error, appellant argues that the trial court erred by denying
her motion to quash because the State failed to allege a cause of action. Specifically,
appellant contends that the Penal Code, as amended, required the State to prove that
all prior prostitution convictions alleged to elevate appellant’s prostitution offense
from a misdemeanor to a felony occurred after September 1, 2001, the effective date
of the statute that permitted her state-jail felony conviction. We affirm.
Background
          Appellant’s indictment alleged that she committed prostitution on or about
January 31, 2002 and that she had previously been convicted of the same offense on
April 20, 1989, January 3, 1990, and January 8, 2002. Until September 1, 2001,
prostitution was a misdemeanor offense regardless of the number of convictions. See
former Tex. Pen. Code Ann. § 43.02(c) (Act of Jan. 1, 1974, 63rd Leg., R.S., ch.
399, § 43.02(c), 1973 Tex. Gen. Laws 883, 959, amended by Act of June 15, 2001,
77th Leg., R.S., ch. 987, § 2, 2001 Tex. Gen. Laws 2153-54). Effective September
1, 2001, however, prostitution became a felony offense upon conviction of a fourth
offense of prostitution. Tex. Pen. Code Ann. § 43.02(c) (Vernon 2003). Section
43.02(c) of the Penal Code states as follows: 
An offense under this section is a Class B misdemeanor, unless the actor
has previously been convicted one or two times of an offense under this
section, in which event it is a Class A misdemeanor. If the actor has
previously been convicted three or more times of an offense under this
section, the offense will be a state jail felony. 

Id. 

Standards of Review
          This court reviews a challenge to a trial court’s ruling on a motion to quash an
indictment under the abuse-of-discretion standard. See Thomas v. State, 621 S.W.2d
158, 163 (Tex. Crim. App. 1981) (op. on reh’g). In interpreting a statute, we follow
the plain meaning of its language unless the language is ambiguous or the plain
meaning leads to absurd results that the Legislature could not possibly have intended. 
Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
Discussion
          Appellant contends that, because the State must establish at least three prior
convictions to obtain a felony conviction, and because two of her prior convictions
occurred before the effective date of amended section 43.02(c), the felony-prostitution statute, the State could properly rely on only one of her previous
convictions and therefore could not charge her with a felony. 
          Under section 2 of the enabling legislation for section 43.02, the statute became
effective on September 1, 2001 and “applies only to an offense committed on or after
that date.” Act of June 15, 2001, 77th Leg., R.S., ch. 987, § 2, 2001 Tex. Gen. Laws
2153, 2154. An offense committed before the effective date of section 43.02 would
be “covered by the law in effect when the offense was committed,” which continued
in effect for that purpose. Id. The enabling legislation further states that, “an offense
was committed before the effective date of this Act if any element of the offense
occurred before that date.” Id. (Emphasis added). The dispositive issue, therefore,
is whether the date of a prior conviction alleged as enhancement is “an element of the
offense” that the State must prove under section 43.02. See id.
          As defined by the Penal Code, the “elements” of an offense are the forbidden
conduct, the required culpability, any required result, and the negation of any
exception to the offense. Tex. Pen. Code Ann. § 1.07(a)(22) (Vernon 2003). 
Although appellant presents a case of first impression under section 43.02(c), courts
have rejected similar attempts to impose a requirement, not expressly imposed by the
particular statute in question, that the State must prove, as an element of the offense, 
the date of a prior conviction alleged as enhancement. 
          In State v. Mason, the Court of Criminal Appeals concluded that, despite
similar language in the enacting legislation for section 46.04, which prohibits
possession of a firearm by a convicted felon, the State was not required to prove, as
an element of the offense, that a defendant’s prior conviction occurred after section
46.04 was enacted. 980 S.W.2d 635, 639-41 (Tex. Crim. App. 1998) (construing
Tex. Pen. Code Ann. § 46.04 (Vernon 2003)). As the court explained, although the
fact of the prior offenses is an element of the offense, the dates of those convictions
are not. Id. at 640. In State v. Nelms, 775 S.W.2d 25, 26 (Tex. App.—Houston [1st
Dist.] 1989, pet. ref’d), this Court concluded that the State was not required to prove,
as elements of the offense of felony theft, the dates of prior theft convictions alleged
to elevate the offense of theft of property to a felony. See also Sheppard v. State, 5
S.W.3d 338, 340 (Tex. App.—Texarkana 1999, no pet.) (holding same under felony
assault, family-violence statute); Vanderhorst v. State, 52 S.W.3d 237, 242 (Tex.
App.—Eastland 2001, no pet.) (holding same under felony-DWI statute).


 
          To elevate appellant’s prostitution offense to a felony, the State had to prove
that appellant had at least three prior convictions for prostitution. Section 43.02(c)
places no limitations on the dates of the prior convictions. Accordingly, the dates of
the previous convictions are not elements of the offense of felony prostitution. It is
the fact of three prior convictions, rather than their dates, that controls.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court. 



                                                             Elsa Alcala
                                                             Justice

 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala. 

Publish. Tex. R. App. P. 47.2(b).