COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| SELENE SERRANO, | | No. 08-08-00209-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20070D03216) |
| | § | |

## **O P I N I O N**

Selene Serrano appeals the judgment placing her on deferred adjudication. Appellant waived her right to a jury trial and entered a negotiated plea of guilty to theft of property under $1,500 and pled true to the paragraphs alleging she had two prior misdemeanor theft convictions. The trial court found that the evidence substantiated Appellant's guilt, but the court deferred further proceedings and placed Appellant on community supervision for two years. We affirm.

### FACTUAL SUMMARY

A grand jury returned an indictment against Appellant alleging she committed theft of clothing with a value less than $1,500. The indictment included two additional paragraphs alleging Appellant had previously been convicted of theft:

> And it is further presented in and to said Court, that before the commission of the offense alleged above, the defendant had been convicted twice of a grade of theft, to-wit: on the 24th day of August, 2006 in the County Criminal Court Number One of El Paso County, Texas, in cause number 20060C07769, said defendant was convicted for the offense of Theft-Class B; and on the 24th day of April, 2007 in the County Criminal Court at Law Number One of El Paso County, Texas, in cause number 20070C00303, said defendant was convicted for the offense of Theft-Class B.

Appellant filed a pretrial motion to quash the indictment alleging that the prior conviction in cause

number 20070C00303 was not valid for enhancement purposes because it was not a final conviction. The motion asserted Appellant had been placed on probation in that case and it had not been revoked. She attached a copy of the judgment and sentence showing she had received a probated sentence. Appellant did not request that the allegedly invalid enhancement paragraph be quashed; instead, she sought dismissal of the indictment. At the hearing on the motion to quash, the parties presented argument on the motion but did not present any evidence. The trial court denied the motion to quash, finding that Section 31.03(e)(4)(D) did not require that the State allege in the indictment that the conviction used for elevation is final but it was instead an evidentiary matter to be determined at trial. Appellant later entered a negotiated guilty plea and plea of true to the enhancement paragraphs. In accordance with the plea bargain, the trial court placed Appellant on deferred adjudication community supervision for two years. This appeal follows.

## MOTION TO QUASH

In the sole issue presented on appeal, Appellant challenges the trial court's denial of her motion to quash. She argues that the court erred by concluding that the finality of the conviction is an evidentiary matter to be determined at trial and is not a jurisdictional issue which can be determined pretrial. The State responds, in part, that the allegations related to Appellant's prior theft convictions are not enhancement allegations but are elements of the offense which serve to elevate it to a state jail felony, and therefore, Appellant is not permitted to attack the sufficiency of an element of the offense by means of a pretrial motion to quash.

The sufficiency of an indictment is a question of law which we review *de novo*. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex.Crim.App.2007); *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). A person commits theft if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03(a) (Vernon Supp. 2009).

Theft of property is a Class A misdemeanor if the value of the property stolen is $500 or more but less than $1,500. TEX.PENAL CODE ANN. § 31.03(e)(3). But under Section 31.03(e)(4)(D), the offense is elevated to a state jail felony if the defendant has been previously convicted two or more times of any grade of theft. TEX.PENAL CODE ANN. § 31.03(e)(4)(D). Elevating a misdemeanor theft to a state jail felony theft by use of previous theft convictions does not enhance punishment, but creates a new offense and vests the district court with jurisdiction. *Diamond v. State*, 530 S.W.2d 586, 587 (Tex.Crim.App. 1975); *Moore v. State*, 916 S.W.2d 537, 539 (Tex.App.--Dallas 1995, no pet.). Further, previous theft convictions that elevate a misdemeanor to a felony are jurisdictional elements of the offense. *Moore*, 916 S.W.2d at 539.

The presentment of an indictment vests a district court with jurisdiction. TEX.CONST. Art. V, § 12(b). District courts and criminal district courts have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 4.05 (Vernon 2005). When the face of the indictment charges a felony, the district court does not lose jurisdiction if the State is only able to prove a misdemeanor at trial. *See* TEX.CODE CRIM.PROC.ANN. art. 4.06 (Vernon 2005); *Jones v. State*, 502 S.W.2d 771, 773-74 (Tex.Crim.App. 1973); *State v. Meadows*, 170 S.W.3d 617, 620 (Tex.App.--El Paso 2005, no pet.).

A charging instrument that is valid on its face and returned by a legally constituted grand jury is sufficient to mandate trial of the charge on its merits. *Meadows*, 170 S.W.3d at 620. The sufficiency of an indictment cannot be supported or defeated by evidence at a pretrial hearing. *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex.Crim.App. 1994)(dissenting op. adopted on reh'g); *Meadows*, 170 S.W.3d at 620. An indictment must be facially tested under the law as a pleading. *Rosenbaum*, 910 S.W.2d at 948. In the pretrial setting, there is neither constitutional nor statutory

authority for a defendant to test, or for a trial court to determine, the sufficiency of evidence to support or defeat an element alleged in the indictment. *Woods v. State*, 153 S.W.3d 413, 415 (Tex.Crim.App. 2005); *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620.

Appellant cites our decision in *State v. Newsome*, 64 S.W.3d 478, 479-81 (Tex.App.--El Paso 2001, no pet.) in support of her argument that a pretrial motion to quash can be used to challenge whether a prior conviction can be used to elevate an offense to a felony. There, the defendant had been charged with stalking and the indictment alleged a prior stalking conviction for purposes of elevating the offense to a third degree felony. The trial court granted the defendant's motion to quash alleging that the prior conviction was not final. The State appealed and argued that because the statute does not expressly require that the defendant be "finally convicted" or otherwise require that the conviction be a final one, then we must assume that the Legislature did not intend to impose such a requirement. *Id.* at 479. The State did not raise the argument presented in this case, namely, that a motion to quash cannot be used to test the sufficiency of an element of the offense. Therefore, *Newsome* does not stand for the proposition that a pretrial motion can be used in that manner.

The trial court correctly determined that Appellant is not permitted to use a pretrial motion to quash to test the sufficiency of the evidence supporting the allegations in the indictment which elevate the offense to a state jail felony. A motion to quash, like any pretrial motion, cannot be used to argue that the prosecution is unable to prove one of the elements of the crime. *Lawrence v. State*, 240 S.W.3d 912, 916 (Tex.Crim.App. 2007); *Woods*, 153 S.W.3d at 415. A pretrial proceeding should not be a "mini-trial" on the sufficiency of the evidence to support an element of the offense. *Lawrence*, 240 S.W.3d at 916. We overrule the sole issue presented on appeal and affirm the judgment of the trial court.

May 28, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)