**REVERSE and REMAND; Opinion Filed December 4, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00199-CR
No. 05-15-00221-CR

**ROBERT WORLEY KYRIAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Kaufman County, Texas**
**Trial Court Cause Nos. 31131CC, 12CL-1053**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Whitehill
Opinion by Justice Myers

Robert Worley Kyrias waived a jury and pleaded guilty to felony theft of property valued at less than $1,500 and criminal mischief. *See* TEX. PENAL CODE ANN. §§ 28.03(a), 31.03(a) (West Supp. 2015). The trial court sentenced appellant to two years' confinement in a state jail on the theft and 180 days' confinement in the county jail on the criminal mischief. In a single issue, appellant contends his guilty pleas were involuntary because he was never admonished on the range of punishment for the offenses. The State agrees that no admonishment was given, but asserts that appellant was not harmed. For the reasons that follow, we reverse the trial court's judgment.

Article 26.13(a)(1) of the Texas Code of Criminal Procedure requires the trial court to give a defendant certain admonishments before accepting a plea of guilty or nolo contendere. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1)–(5) (West Supp. 2015). The article 26.13 admonishments that must be given include admonishments on the applicable range of punishment for the offenses. *See id*. art. 26.13(a)(1). The purpose of the article 26.13 admonishments is to ensure that only a constitutionally valid plea is entered by the defendant and accepted by the trial court. *Carranza v. State,* 980 S.W.2d 653, 656 (Tex. Crim. App. 1998); *see also VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007). Substantial compliance with article 26.13 is sufficient unless the defendant affirmatively shows he was not aware of the consequences of his plea and that he was misled by the admonishments given. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(c). Substantial compliance creates a prima facie showing the plea was voluntary, and the burden shifts to the defendant to show he did not understand the consequences of his plea and that he was harmed or misled by the admonishment given. *See id.; Aguirre-Mata v. State,* 125 S.W.3d 473, 480 (Tex. Crim. App. 2003). However, if a trial court fails to give the defendant an article 26.13 admonishment entirely, that does not constitute substantial compliance. *See Burnett v. State,* 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

After searching the record before us, we find nothing to show the trial court admonished appellant, either orally or in writing, in accordance with article 26.13. Thus, we conclude the trial court did not substantially comply with the statutory requirement to admonish appellant before accepting his pleas.

We now turn to the issue of harm. In determining whether appellant was harmed, we review the record under the non-constitutional harm analysis set out in Texas Rule of Appellate Procedure 44.2(b). *See VanNortrick*, 227 S.W.2d at 708; *Anderson v. State,* 182 S.W.3d 914,

918 (Tex. Crim. App. 2006). The question to decide is whether, considering the record as a whole, we have a fair assurance the defendant's decision to plead guilty would not have changed had the court admonished him. *VanNortrick*, 227 S.W.3d at 709; *Anderson*, 182 S.W.3d at 919.

Appellant asserts the trial court committed reversible error by failing to admonish him on the applicable range of punishment for the offenses. Appellant further argues that because the trial court made no ruling on the State's "notice to enhance punishment," he could not accurately determine whether part of his punishment would be for a state-jail felony or as an habitual criminal. The State responds that in light of appellant's testimony and his "extensive criminal history," the record does not support an inference that appellant was unaware of the consequences of his pleas or that he would not have pleaded guilty but would have gone to trial.

In cause no. 05-15-00199-CR, appellant was indicted for the state-jail felony offense of theft of property valued at less than $1,500, having two prior theft convictions. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D). The prior theft convictions are elements of the charged offense, used to elevate the offense level from a misdemeanor to a state jail felony. *See Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.). They were not enhancement paragraphs under section 12.42 of the penal code used to elevate the punishment. *See id.* In cause no. 05-15-00221-CR, appellant was indicted for criminal mischief, a Class B misdemeanor offense. *See* TEX. PENAL CODE ANN. § 28.03(b)(2). The record does not show the State filed a notice to enhance the punishment in either case. Therefore, appellant's assertion he did not know whether he was being sentenced as an habitual offender is without merit.

During the plea hearing held on July 14, 2014, the trial court did not admonish appellant, either orally or in writing, as to the punishment ranges for the offenses. At the hearing, the parties discussed a plea agreement that appellant and the State had entered. Appellant testified

he understood the terms of a plea bargain agreement with the State in which he agreed to plead guilty to the offenses and the trial court would reschedule the cases for sentencing on August 25, 2014. If appellant paid $490.07 before the sentencing hearing, he would be allowed to withdraw both guilty pleas and the State agreed to dismiss both cases. Appellant's signed jury waivers and stipulations of evidence were made part of the record at the hearing.

A sentencing hearing was held seven months later, on February 11, 2015. During that hearing, the trial court took judicial notice of the record from the plea hearing and "plea papers" filed on July 14, 2014. Once again, the trial court did not admonish appellant, either orally or in writing, about the punishment ranges for the offenses. There was discussion that the offenses involved a state jail felony and a Class B misdemeanor. Before being sentenced, appellant testified that he was guilty of committing the offenses, admitted he had prior theft convictions, and testified about his lengthy criminal history.

The State relies on appellant's extensive criminal record as evidence he was not harmed by the trial court's failure to admonish him on the punishment ranges. However, contrary to the State's position, we cannot conclude that simply because appellant has a criminal history, he knew the punishment ranges for the offenses for which he was before the trial court in these cases. Therefore, we cannot have a fair assurance that appellant's decision to plead guilty would not have changed had the trial court admonished him properly. *See Anderson*, 182 S.W.3d at 919. We conclude the trial court's complete failure to admonish appellant as to the punishment ranges for the offenses was not harmless. Accordingly, we sustain appellant's issue.

We reverse the trial court's judgment in each case and remand the cases to the trial court for further proceedings.

/s/ Lana Myers
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
150199F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT WORLEY KYRIAS, Appellant

No. 05-15-00199-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law of Kaufman County, Texas (Tr.Ct.No. 31131CC).
Opinion delivered by Justice Myers, Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 4th day of December, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT WORLEY KYRIAS, Appellant

No. 05-15-00221-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law of Kaufman County, Texas (Tr.Ct.No. 12CL-1053).
Opinion delivered by Justice Myers, Justices Fillmore and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings.

Judgment entered this 4th day of December, 2015.