**Joe Lawrence DIAMOND, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 51162.**

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

Neal Wheeler, Dallas (Court-appointed), for appellant.

Henry Wade, Dist. Atty., Gary Love, Jim Burnham, Robert Hinton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appellant was convicted under an indictment charging him with theft of property of the value of $20.00 or more but less than $200.00 and further alleging two prior convictions of theft of property of the value of $50.00 or more. Trial was before a jury upon a plea of guilty and punishment was assessed at ten years.

In his sole contention appellant urges that V.T.C.A. Penal Code, Section 31.-03(d)(4)(C) is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Art. 1, Sec. 9 of the Texas Constitution.

Section 31.03(d)(4)(C), supra, provides:

"(d) An offense under this section [theft] is:

"(4) a felony of the third degree if:

"(C) the value of the property is less than $200 and the defendant has been

previously convicted two or more times of any grade of theft." [1]

Appellant urges that Section 31.-03(d)(4)(C), supra, is violative of due process and in addition allows an accused to be placed in double jeopardy. Appellant argues that he is charged with a felony, not because he is guilty of the present offense, a Class A misdemeanor, [2] but because he committed this offense along with past offenses. Appellant maintains that he is being tried for all three offenses.

The instant offense is similar to driving while intoxicated, second offense, as denounced by Art. 6701*l*-2, V.A.C.S. and previously by Art. 802b, V.A.P.C. See also Art. 567b(4), V.A.P.C. Art. 802b, supra, has been held not to be an enhancement of punishment statute, but rather a statute which creates a new offense of the grade of felony. *Hill v. State*, 158 Tex.Cr.R. 313, 256 S.W.2d 93; *Broughton v. State*, 148 Tex.Cr.R. 445, 188 S.W.2d 393; *Clifton v. State*, 156 Tex.Cr.R. 655, 246 S.W.2d 201. In *Hill v. State*, supra, it was held that where a misdemeanor conviction for driving while intoxicated was used a second time in alleging a felony offense under Art. 802b, supra, "that such subsequent re-use does not violate the constitutional prohibition against placing an accused twice in jeopardy." In *Edwards v. State*, 166 Tex.Cr.R. 301, 313 S.W.2d 618, it was held that the repetition of offenses statute was not applicable to Art. 802b, supra, not because of any constitutional prohibition, but because of the intent of the Legislature expressed in such statute.

The addition of the prior theft convictions in the instant case created a new offense of the grade of felony and vested the District Court with jurisdiction just as the allegation of the prior conviction for driving while intoxicated created a felony offense under 802b, V.A.P.C. Appellant urges that the creating of a new offense distinguishes this case from the many cases which have upheld the constitutionality of the enhancement statutes. [3] We perceive no difference between the instant case and *Hill v. State*, supra, where the contention of double jeopardy was expressly rejected when conviction was had under Art. 802b, supra.

The enhancement statutes have withstood attacks that they were invalid under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. See *Thrash v. State*, 500 S.W.2d 834; *Cherry v. State*, 447 S.W.2d 154; *Beasley v. State*, 389 S.W.2d 299; *Spencer v. State*, 389 S.W.2d 304; 1 Branch's Ann.P.C., 2 ed., Sec. 698; *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606. While the statute under attack in the instant case has the effect of creating a new offense with a higher range of penalty, the challenge of deprivation of due process would appear to be bottomed upon the considerations urged in the enhancement of penalty statutes.

We reject appellant's contentions that V.T.C.A. Penal Code, Sec. 31.03(d)(4)(C), is violative of due process and placed him in double jeopardy.

The judgment is affirmed.

Opinion approved by the Court.

---

1. See and compare V.T.C.A. Penal Code, Sec. 12.42(d).

2. V.T.C.A. Penal Code, Sec. 31.03(d)(3) provides that theft of property of the value of $20 or more but less than $200 is a Class A misdemeanor.

3. See cases collated under Arts. 62 and 63, V.A.P.C.