**James Russell GANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 59034.

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 17, 1980.

Rehearing Denied Nov. 12, 1980.

---

1. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

David B. Ziegler, Houston (Court–appointed), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Connie B. Williams, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

OPINION

CLINTON, Judge.

This is an appeal from a conviction for the felony theft offense recently created by enactment of V.T.C.A. Penal Code, § 31.-03(d)(4)(C),[1] in which the State had alleged a prior robbery offense for purposes of punishing appellant as a repeat offender under the provisions of V.T.C.A. Penal Code, § 12.42(a);[2] the punishment assessed is not less than two nor more than twenty years[3] confinement.

The evidence adduced at trial reflects that Valerie Tullis, an employee of Eckerd Drug Store, observed a black man identified as appellant, placing a stereo unit in a shopping cart, on August 28, 1975. Appellant pushed the shopping cart to the railing at the front of the store and walked away. Tullis then observed a tall white man outside the rail reach over and take the stereo from the cart, whereupon she summoned the manager, Paul Tagliabue.

Tagliabue testified that he saw appellant leave the store; upon following him out, the witness observed appellant enter an automobile driven by a white male, and observed a Lloyd's stereo unit sitting in the back seat. Tagliabue was able to see the box containing the stereo, and the number "353" written on it, which he testified was his store number. According to Tagliabue, the retail value of the stereo unit was $149.95. Tagliabue made a notation of the license number of the car, a white Buick LeSabre, then called the police.

On August 31, 1975, Officer G. W. Bailey recognized a white Buick LeSabre and its license number as wanted, and stopped it. As appellant stopped the car, his passenger exited and ran; appellant then attempted to run, but was apprehended. Upon being asked his name, appellant stated it was James Gibe. Appellant was later identified in a corporeal lineup by both Tullis and Tagliabue.

Proof of the prior misdemeanor theft convictions was established through the testimony of a Deputy District Clerk, certified judgments and sentences, Harris County

---

1. At the time of commission of the offense alleged, § 31.03, supra, provided in part relevant to the instant case:

   "(a) A person commits an offense if, with intent to deprive the owner of property:
   * * * * * *
   (2) he exercises control over the property, other than real property, unlawfully.
   (b) ... [E]xercising control over property is unlawful if:
   (1) the actor ... exercises control over the property without the owner's effective consent; ...
   * * * * * *
   (d) An offense under this section is:
   * * * * * *
   (4) *a felony of the third degree if*:
   * * * * * *
   (C) the value of the property stolen is less than $200 *and the defendant has been previously convicted two or more times of any grade of theft*; ...."

   See *Foster v. State*, 603 S.W.2d 879 (Tex.Cr.App.1980); *Diamond v. State*, 530 S.W.2d 586 (Tex.Cr.App.1975); see also and compare *Fennell v. State*, 455 S.W.2d 248 (Tex.Cr.App.1970); *Leal v. State*, 445 S.W.2d 750 (Tex.Cr.App.1969); and *Ex parte Gutierrez*, 600 S.W.2d 933 (Tex.Cr.App.1980). (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

2. Section 12.42, supra, provides in part:

   "(a) If it be shown on the trial of a third–degree felony that the defendant has been *once before convicted of any felony, on conviction he shall be punished for a second–degree felony*."

   See *Foster*, supra, and cf. *Rawlings v. State*, 602 S.W.2d 268 (Tex.Cr.App.1980), [wherein (though characterizing § 31.03(d)(4)(C), supra, as a "special enhancement provision" which governs § 12.42, a "general enhancement provision") it was held that enhancement of punishment under § 12.42, supra, must be composed of felony convictions *other* than for theft, when the primary offense alleged is the new felony theft created by § 31.03(d)(4)(C). As stated above, and to be illuminated *post* in n. 9, § 31.03(d)(4)(C), supra, delineates the elements of the felony offense and, we believe, is not an "enhancement" provision at all].

3. V.T.C.A. Penal Code, § 12.33, provides:

   "(a) An individual adjudged guilty of a felony of the second degree shall be punished by confinement in the Texas Department of Corrections for any term of not more than 20 years or less than 2 years."

jail cards and the testimony of a fingerprint expert from the Harris County Sheriff's Office.

■ Appellant now complains of the trial court's failure to instruct the jury on the law of circumstantial evidence; there is no evidence, appellant contends, which connects him directly with the *removal* of the stereo unit from the store, or to show that he had any knowledge of the unit's being stolen.

The distinction between direct and circumstantial evidence is that the former directly demonstrates the ultimate fact to be proved, while the latter is direct proof of a secondary fact which, by logical inference, demonstrates the ultimate fact to be proved. *Richardson v. State*, 600 S.W.2d 818 (Tex.Cr.App.1980); *Oliver v. State*, 551 S.W.2d 346 (Tex.Cr.App.1977); *Crawford v. State*, 502 S.W.2d 768 (Tex.Cr.App.1973).

The State clearly adduced direct evidence that appellant and his confederate, Charles Cloud, exercised control over[4] the stereo unit in issue without the consent of the owner. Compare *Mulchahey v. State*, 574 S.W.2d 112 (Tex.Cr.App.1978). Furthermore, the intent to deprive the owner of the property was established by an eyewitness who testified that appellant and Cloud drove away in a car in which the stereo was clearly visible. And finally, the testimony of Valerie Tullis constitutes direct evidence of the aid[5] appellant provided his confederate in placing the stereo in a shopping cart and abandoning it near the front rail of the store. So, the State did not rely upon inferences or circumstances in order to establish the allegations contained in the indictment. See *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1977). Thus, no error attended the trial court's refusal to instruct the jury on the law of circumstantial evidence. This ground of error is overruled.

■ Appellant's second and third grounds of error assert that proof of the two prior theft convictions alleged as elements of the felony offense for which appellant was on trial, should have been excluded because appellant neither was represented by counsel, nor had waived his right to counsel at the time those convictions were obtained.

The record before us contains the judgments and sentences in Cause Numbers 3001P and 305459, introduced by the State in order to prove the "two previous theft convictions" element of felony theft alleged under § 31.03(d)(4)(C).

The judgment in each cause recites that appellant waived counsel. Outside the presence of the jury, appellant testified that he did not remember waiving counsel in either case.

This testimony was clearly insufficient to overcome the presumption of regularity of the recitation of waiver of counsel reflected upon the judgments. *Martinez v. State*, 504 S.W.2d 897 (Tex.Cr.App.1974). These grounds of error are without merit.

By his fourth ground of error, appellant alleges that the trial court committed fundamental error in allowing the jury to return verdicts which were not "general"[6] at the guilt–innocence phase of trial.

At the guilt stage, the trial court charged the jury, applying the law of § 31.03(a)(2)

---

4. Contrary to appellant's contention, there was no necessity for the State to establish that appellant or his codefendant *removed* the stereo from Eckerd's, under the indictment allegations. See n. 1, *ante*, for recitation of the theory of theft under which appellant was tried, i. e., "exercising control."

5. The trial court charged the jury in germane part:

   A person is criminally responsible for an offense committed by the conduct of another if, *acting with intent to promote or assist* the commission of the offense, he encourages, directs, *aids*, or attempts to aid the other person to commit the offense.
   See V.T.C.A. Penal Code, §§ 7.01 and 7.02.

6. Article 37.07, V.A.C.C.P. provides in part:
   "Sec. 1.  (a) The verdict in every criminal action must be general.  * * *
   (b) If the plea is not guilty, [the jury] must find that the defendant is either guilty or not guilty;  ...."

and (b)(1), supra, (see n. 1, *ante*), to the facts of the case, and instructed that a finding of guilt first be made pursuant to that consideration. At the bottom of the verdict form it was recited:

In the event you find the defendant 'guilty' beyond a reasonable doubt as alleged in the indictment then and only in that event will you answer the following question, otherwise, you are not to answer the following question:

Based upon the evidence do you find beyond a reasonable doubt that James Russell Gant, the defendant in this case, is the same person who is alleged to have been convicted on the 16th day of December, 1971, in Cause No. 300019 in the County Criminal Court of Law No. 2 in Harris County, Texas, of the offense of misdemeanor shoplifting and is James Russell Gant, the defendant in this case the same person convicted on the 20th day of December, 1971, in Cause No. 305459 in the County Criminal Court of Law No. 2, in Harris County, Texas, of the offense of misdemeanor shoplifting?

ANSWER: "We do" or "We do not."

To this the jury replied: "We do."

Appellant offered no objection to this form of the verdict and now contends that "the failure of the Court to incorporate the

prior convictions alleged for jurisdictional purposes into the main body of the charge was fundamental error" and requests that this Court "hold that the jury found [him] merely guilty of the misdemeanor offense of theft."

■ In *Diamond v. State*, 530 S.W.2d 586 (Tex.Cr.App.1975), it was held that § 31.-03(d)(4)(C), supra, created a new offense of a felony grade and vested the District Court with jurisdiction. The elements of this theft offense are the same as alleging other theft offenses,[7] but the value of the property stolen must be *any* amount under $200,[8] *and* the defendant has been previously convicted *two or more times* of any grade of theft." As is explicated by the Practice Commentary to § 31.03, supra, the intent in creating this new offense, is to punish a third theft offense, though "petty," as a felony, irrespective of the value of the property, so long as it is *under* $200.

■ Thus, we agree with appellant, that in instructing the jury in a trial for an offense alleged under § 31.03(d)(4)(C), the prior theft offenses, as jurisdictional elements of the offense alleged, must be included in the body of the main charge before the jury is authorized to make a general finding of guilt, and we so hold.[9]

■ However, we are unable to agree that the form of the charge and verdict

---

7. See generally *Ex parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1976) (Opinion on State's motion for rehearing).

8. Compare § 31.03, subsection (d) which provides that "An offense under this section is: (3) a class A misdemeanor if the value of the property stolen is *$20 or more* but less than $200; ...."

9. As alluded to in n. 2, *ante*, some confusion has arisen as to whether the phrase in § 31.-03(d)(4)(C), supra:

"... and the defendant has been previously convicted two or more times of any grade of theft,"

constitutes an "enhancement" provision for punishment purposes, or a jurisdictional "element" of the particular offense proscribed. See, e. g., *Rawlings*, supra; and *Ex parte Lucky*, 571 S.W.2d 913 (Tex.Cr.App.1978). Compare also, e. g., *Bell v. State*, 504 S.W.2d

408 (Tex.Cr.App.1974). Because of the procedure employed in the instant case and the ground of error brought pursuant to it, we are squarely presented with the issue here.

Article 36.01, V.A.C.C.P., entitled "Order of Proceeding in Trial" provides that in a jury trial, the prosecutor is to first read the indictment and "when prior convictions are alleged for *purposes of enhancement only and are not jurisdictional*, that portion of the indictment ... reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07." The latter Article provides, of course, for our bifurcated trial procedure, Section 2 of which directs:

"(a) In all criminal cases, other than [some] misdemeanor cases ..., which are tried before a jury on a plea of not guilty, the

concerning guilt in the instant case constituted error of a fundamental nature which obviated the voice of objection by the accused. Our review of the record as a whole convinces us that the trial court's error in this regard was neither calculated to injure the rights of the accused, nor deny him a fair and impartial trial, absent an objection.[10] Article 36.19, V.A.C.C.P.

Appellant's fourth ground of error is overruled.

By way of an untimely supplemental brief, appellant has raised an additional ground of error alleging that the trial court's instruction to the jury on the law of parties constituted a comment by the court on the weight of the evidence. Appellant cites no authority for this proposition and we have found none.

Accordingly, the judgment of conviction is affirmed.

trial judge shall ... *first submit* to the jury *the issue of guilt or innocence* of the defendant *of the offense or offenses charged*, without authorizing the jury to pass on the punishment to be imposed."

So, a coincidental reading of Article 36.01(1) and Article 37.07, § 2(a), both supra, convinces us that the phrase in question must constitute a jurisdictional element—a "forbidden conduct"—of the felony theft proscribed by § 31.03(d)(4)(C), and must therefore be both alleged and charged as such before the jury is authorized to render a general verdict of guilt. See *Ex parte Gutierrez*, supra.

Under this rationale, the reason the State may not allege prior felony *theft* offenses for purposes of *enhancement* under the general provisions of § 12.42, supra, is that § 31.03(d)(4)(C), supra, specifically provides as an element of the felony theft it proscribes: "... *and* the defendant has been previously convicted two *OR MORE times* of *ANY* grade of *theft*."

By way of example, in *Rawlings*, supra, the State was not permitted to allege two prior misdemeanor *theft* convictions for jurisdictional purposes, and then add two prior felony *theft* convictions, for general enhancement purposes. But we believe such conclusion is compelled because *all* of the prior alleged constituted "two *or more*" convictions for "any grade of theft," and not because § 31.03(d)(4)(C) is a "special enhancement" statute which governs § 12.42, supra, a "general enhancement" provision.

10. We note, however, that under the court's instructions in this cause, no lesser included offense was submitted for the jury's consideration; thus, if the jury had answered the erroneous "special issue" submitted: "We do *not*," we would be constrained to interpret such verdict to be a general verdict of "not guilty," and accordingly order the entry of a judgment of acquittal, since there is no proscription against theft "less than $200." See n. 8, *ante*, and accompanying text.