**Danny Scott CARTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 10–89–061–CR.**

Court of Appeals of Texas,
Waco.

Feb. 14, 1991.

Dwight Goains, Waco, Walter M. Reaves, West, for appellant.

Dan V. Dent, Dist. Atty., Hillsboro, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

A jury convicted appellant of theft and assessed his punishment at eighteen years

in prison and a $5,000 fine. We must decide if he was convicted of felony theft, misdemeanor theft or if he is entitled to an acquittal. *See* TEX.PENAL CODE ANN. § 31.03(e) (Vernon Supp.1991). We will acquit appellant.

The indictment charged appellant with third-degree felony theft by alleging that he unlawfully appropriated property of another "under the value of $750" and that he had been convicted two or more times of theft. *See id.* at § 31.03(e)(4)(E). The indictment also alleged a prior burglary conviction by way of enhancement. The State presented no evidence of the prior theft convictions during the guilt-innocence stage of the trial. At the end of the testimony, the court charged the jury:

> Now if you find from the evidence beyond a reasonable doubt that on or about ... in Hill County, Texas, the [appellant] ... did unlawfully appropriate from [complainant], the owner, one (1) AM–FM stereo and one (1) eight inch vise, without the effective consent of said owner with intent to deprive the owner of said property and that the value of said property was less than $750.00, then you will find the [appellant] guilty as charged in the indictment.

The charge did not mention the prior theft convictions and did not contain a charge on lesser-included offenses. The jury returned a guilty verdict. During the punishment phase, the court charged the jury on the punishments applicable if the jury found that appellant had been convicted of all three prior offenses, if he had only been convicted of the prior theft offenses, or if he had been convicted of no prior offenses. The jury returned a verdict that appellant had been convicted of all three prior offenses and assessed his punishment accordingly.

Appellant complains of the court's failure to require the jury to find that he was convicted of the prior theft offenses at the guilt-innocence phase of the trial and alleges that the evidence was insufficient to sustain the judgment.

We note in passing that the district court of Hill County has concurrent jurisdiction of misdemeanor offenses, so that a misdemeanor offense could be tried in the district court. *See* TEX.GOV'T CODE ANN. § 24.168 (Vernon 1988). That fact did not, however, determine our disposition of this case.

■ Since the adoption of the statute authorizing third-degree felony punishment for theft of property under the value of $200 (now $750) when the defendant has been convicted two or more times of any grade of theft, confusion has surrounded the use of the term "enhancement" when describing the role of the prior theft offenses required in the indictment to charge the offense. TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp.1991); *Gant v. State*, 606 S.W.2d 867, 869 n. 2 (Tex. Crim.App. [Panel Op.] 1980). Strictly speaking, the allegations of prior theft offenses in indictments for this purpose are not "enhancements," but are "elements of the offense" and are "jurisdictional" in the sense that they must be included in an indictment to allege the third-degree felony theft proscribed by the statute. *Gant*, 606 S.W.2d at 871–72 n. 9. Because the prior theft offenses are elements of the offense, that portion of the indictment alleging them should be read to the jury at the beginning of the guilt-innocence phase of the trial, evidence of them should be permitted during that phase, and the guilt-innocence charge must require the jury to find the prior theft offenses before returning a general guilty verdict of third-degree felony theft. TEX.CODE CRIM.PROC. ANN. art. 36.01 (Vernon Supp.1991); *Gant*, 606 S.W.2d at 871–72 n. 9.

■ *Gant* teaches that appellant must be acquitted because (1) there was no finding during the guilt-innocence stage that he had been twice convicted of theft, (2) there is no proscription against theft of property "under the value of [$750]," and (3) no lesser-included offense was submitted for the jury's consideration. *See* TEX.PENAL CODE ANN. § 31.03(e)(1), (2), (3) (Vernon Supp.1991); *Gant* 606 S.W.2d at 872 n. 10. *Gant* does not explicitly hold that there are no lesser-included offenses within this variety of third-degree felony theft, although

the opinion may be subject to that interpretation. *See Gant* 606 S.W.2d at 872 n. 10.

 We hold that the State, by failing to prove the prior theft convictions during the guilt-innocence stage of the trial, failed to prove all the elements of the offense of third-degree felony theft. *See* TEX.PENAL CODE ANN. § 31.03(e)(4)(E) (Vernon Supp. 1991).

Because our understanding of the *Gant* decision forecloses any result other than an acquittal, we do not reach appellant's other points. *See Gant*, 606 S.W.2d 867. We reverse the judgment and remand the case to the trial court with instructions to enter a judgment of acquittal.