Douglas Charles GOLLIHAR,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00128–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 9, 2001.

Decided Aug. 10, 2001.

Michael D. Deegan, Ft. Worth, for Appellant.

Richard Hattox, District Attorney, Granbury, Matthew William Paul, State Prosecuting Attorney, Austin, for Appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

Opinion by Justice GRANT.

On remand from the Texas Court of Criminal Appeals, we have been directed by that Court to address the remaining points of error in a manner not inconsistent with its opinion. In reversing our judgment, the Texas Court of Criminal Appeals stated that its purpose was to coalesce "questions of legal sufficiency of the evidence and how it is measured, variance law, and the law relating to surplusage." *Gollihar v. State*, 46 S.W.3d 243, 245 (Tex.Crim.App.2001).

Douglas Gollihar appeals from his conviction for stealing a go-kart valued at less than $1,500. We originally addressed his contention that the evidence was legally insufficient to support his conviction because the indictment and charge alleged that he had stolen go-kart serial number 136202, but all of the evidence proved that he had stolen go-kart number 136203. With one member of the court dissenting, we reversed on the ground that the State did not provide any evidence to support specific elements included in the allegation and the court's charge.

After an extensive review of the state of the law of variances, surplusage, and notice, the Texas Court of Criminal Appeals applied the "hypothetically correct jury charge" doctrine to the case and concluded that (1) there was a variance between the indictment (and the charge) and the proof, but (2) the variance was not material because it did not prejudice Gollihar's substantial rights, and therefore (3) notice issues were not implicated, and (4) because the variance was not material, it should be disregarded in a legal sufficiency of the evidence review applying a hypothetically correct jury charge. In the same breath, the Court also jettisoned the surplusage rule and its *Burrell* exception.[1] The Court

---

1. *Burrell v. State*, 526 S.W.2d 799 (Tex.Crim. App.1975), which provided that where an ex-

thus concluded that after disregarding the variance, the evidence was legally sufficient to support the verdict. With this in mind, we now turn to the remaining contentions of error.[2]

■ Gollihar contends that there is no evidence that Lane Jones was the owner of the go-kart. Jones testified that he was a manager of Wal–Mart with specific authority and responsibility for the items in his department, which included the go-kart. He testified that he was held responsible for the inventory and that as the assistant manager, he had a greater right of possession. TEX. PEN.CODE ANN. § 1.07(35)(a) (Vernon 1994) defines an owner as a person with a greater right to possession of the property than the actor. Jones testified that the go-kart returned to the store was the one taken from Wal–Mart, that the chains that held the go-karts together on the parking lot had been cut, and that no go-kart had been sold that day. This is some evidence that the go-kart recovered from Gollihar and returned to the store belonged to Wal–Mart and that Jones, as set forth in the indictment, was a person who at the time of the taking had a greater right to possession of the item than the actor.

■ Gollihar next contends that the trial court, committed reversible error by failing to submit a question to the jury asking it to find whether he had been convicted of two prior thefts. As a part of this argument, he contends that because

the matter did not go to the jury, a condition precedent was not met that was necessary to vest jurisdiction in the district court to convict for a felony. The indictment alleged two prior convictions, but this allegation was not reflected in the jury charge. In this case, the two prior convictions were not enhancements, but were necessary elements of the crime at bar.[3]

In *Gant v. State,* 606 S.W.2d 867, 871 (Tex.Crim.App. [Panel Op.] 1980), the Court reviewed an erroneous charge that did not include instructions about prior offenses which were elements of the crime. The Court held that since the prior theft offenses were jurisdictional elements of the offense charged, they must be included in the charge for the jury to decide. In that case, the prosecutor presented substantial evidence about the prior offenses. The Court held that because the charge error did not injure the rights of the accused or deny him a fair and impartial trial, no harm was shown to exist, and the conviction was affirmed. Although a complete failure to prove the prior offenses could result in a failure of jurisdiction because the proof was only that a misdemeanor was committed rather than a felony, that situation does not appear in this case.

A different situation was reviewed by the Waco Court of Appeals in *Carter v. State,* 804 S.W.2d 326, 327 (Tex.App.— Waco 1991, no pet.). In that case, no charge on that issue went to the jury, and

---

tra or unnecessary allegation is descriptive of that which is legally essential to charge a crime, the state must prove it as alleged, though needlessly pleaded.

**2.** We contacted counsel after the Court's opinion was released and provided them with a time frame in which to file appellate briefs. Counsel specifically declined to file additional briefs, choosing instead to rely on the appellate briefs originally filed in this appeal.

**3.** Gollihar was charged under TEX PEN.CODE ANN. § 31.03(e)(4)(D) (Vernon Supp.2001), which states that the offense is a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft."

the court acquitted the defendant because the State failed to prove that he had been previously twice convicted of theft. *Id.* (citing *Gant,* 606 S.W.2d at 872 n. 10).

The analysis used by the Waco court in *Carter* does not control this case. Unlike *Carter,* the evidence that the defendant had committed the precedent crimes was admitted by Gollihar during his testimony at the guilt/innocence phase, as well as pleading "true" to the allegations at the conclusion of voir dire.[4]

Because Gollihar admitted the prior convictions, we find that the court's error in failing to give an instruction to the jury asking it to decide beyond a reasonable doubt if he had been previously twice convicted as set out by the indictment could not result in harm. Under the facts of this case, although the trial court erred by failing to send the issue to the jury, the error did not affect a substantial right of the accused, and we therefore disregard the error in our review. TEX.R.APP. P. 44.2(b).

The judgment is affirmed.

---

4. We note that a plea of "true" is not the proper one where an element of the crime is involved, but recognize the potential for confusion in this circumstance.