In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00164-CR


______________________________




DEBRA PERRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 30,965-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Debra Perry appeals the revocation of her community supervision for the state-jail felony
offense of forgery. See Tex. Penal Code Ann. § 32.21(d) (Vernon Supp. 2007). Perry was found
to have violated certain conditions of her community supervision; that supervision was revoked, and
Perry was sentenced to eighteen months' confinement.

 Perry first complains that she was denied due process because the trial court refused to
consider the full range of punishment. 

 The Constitutional mandate of due process requires a neutral and detached judicial officer
who will consider the full range of punishment and mitigating evidence. See Gagnon v. Scarpelli,
411 U.S. 778, 786-87 (1973). A trial court denies due process when it arbitrarily refuses to consider
the entire range of punishment for an offense or refuses to consider mitigating evidence and imposes
a predetermined punishment. McClenan v. State, 661 S.W.2d 108, 110 (Tex. Crim. App. 1983),
overruled on other grounds by De Leon v. Aguilar, 127 S.W.3d 1 (Tex. Crim. App. 2004). This
occurs when a trial court actually assesses punishment at revocation consistent with the punishment
it has previously announced it would assess upon revocation. Sanchez v. State, 989 S.W.2d 409, 411
(Tex. App.--San Antonio 1999, no pet.). In the absence of a clear showing to the contrary, we
presume that the trial court was neutral and detached. Fielding v. State, 719 S.W.2d 361, 366 (Tex.
App.--Dallas 1986, pet. ref'd) (citing Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App.
1982)).

 Perry contends her due process rights were violated because the trial court's statements, "How
many chances do you get to get it right? She promised to do this, she's promised to do that. Just like
promising probation officer she was going to turn herself in, didn't do it. Empty promise." and "All
I am doing is wasting time, and I'm not going to waste anymore time on it and I'm going to do what
I got to do," showed the trial court's failure to consider the full range of punishment, including
continuing Perry's community supervision. 

 Even though Perry did not object at the trial court level, we need not decide whether an
objection below was required to preserve error because the record does not show that the trial court
imposed a "predetermined" punishment. See Brumit v. State, 206 S.W.3d 639 (Tex. Crim. App.
2006). Here, the trial court had already once continued Perry's community supervision in 2006. 
Perry was again before the court on another application to revoke her supervision. The trial court
heard evidence and assessed an eighteen-month sentence, not the maximum twenty-four months. 
We conclude that the court did not predetermine Perry's sentence in this case. Therefore, Perry's due
process rights were not violated, and we overrule this point of error.

 Perry next contends that the sentence was disproportionate to the offense. Perry's motion for
new trial contains a contention that the sentence was disproportionate to the offense. A motion for
new trial is an appropriate way to preserve this type of claim for review. (1) See Williamson v. State,
175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904
(Tex. App.--Texarkana 2005, no pet.).

 Texas courts have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Perry's
sentence falls within the applicable range of 180 days to two years' confinement and a fine not to
exceed $10,000.00. See Tex. Penal Code Ann. § 12.35 (Vernon Supp. 2007).

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare her sentence to the
sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a
similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Perry's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: April 28, 2008

Date Decided: April 29, 2008


Do Not Publish

1. The trial court did not conduct a hearing on Perry's motion for new trial, which was
overruled by operation of law.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00134-CR

                                                ______________________________

 

 

                                         FELECIA L. LANE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 24041

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Following a plea of guilty, Felecia[1]
L. Lane was convicted of theft of property in an amount less than $1,500.00
with two prior theft convictions and was sentenced to twenty-four months
incarceration in state jail.  Her sole
ground on appeal argues that the trial court failed to properly admonish her as
to the correct range of punishment because the trial court only admonished the
defendant concerning the correct range of punishment for the enhanced
offense.  The trial court failed to
admonish the defendant concerning the range of punishment for the unenhanced
offense.  Lane argues that the
conviction should be overturned on this ground. 
Because the trial courts admonishment was proper, we affirm the trial
courts judgment. 

            Texas law requires that the trial
court admonish the defendant as to the range of punishment upon an entry of a
plea of guilty or nolo contendere.  Tex.
Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2010).  Lanes indictment alleged she:

then
and there unlawfully appropriate[d], by acquiring or otherwise exercising control
over, property, to-wit: Clothing, of the value of less than $1500, from Tanny Runnels/Dollar General, the owner or representative
thereof, without the effective consent of the owner, and with intent to deprive
the owner of the property.  

            And it is further presented in and
to said Court, that before the commission of the offense alleged above, the
Defendant had theretofore been twice convicted of Theft in that on the 3rd Day
of January, 2006, in the 6th District Court of Lamar County, Texas, in cause
number 20999, the Defendant was convicted of the offense of Theft of Property
with Two (2) Prior Theft Convictions, and on the 17th Day of April 1997, in the
County Court of Lamar County, Texas, in cause number 33676, the Defendant was
convicted of the offense of Theft. 

 

Typically,
theft of property under $1,500.00 is a misdemeanor.  Tex.
Penal Code Ann. § 31.03(e)(3) (West 2011).  However, the indictment establishes that Lane
was charged under Section 31.03(e)(4)(D) of the Texas Penal Code, which states
that the offense is a state-jail felony if the value of the property stolen is
less than $1,500 and the defendant has been previously convicted two or more
times of any grade of theft.  Tex. Penal Code Ann. § 31.03(e)(4)(D)
(West 2011).

            Lane was mistaken in her belief that
the two prior offenses were enhancements. 
It has been uniformly held that prior theft convictions alleged to
elevate a misdemeanor theft to a felony-level offense are jurisdictional
elements of a new, felony offense, rather than simply punishment enhancements.
 State
v. Reyes, 310 S.W.3d 62, 64 (Tex. App.El Paso 2010, pet. refd) (citing Gant
v. State, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980); Diamond v. State, 530 S.W.2d 586, 587
(Tex. Crim. App. 1975); Gollihar v. State, 56 S.W.3d 606, 608 (Tex.
App.Texarkana 2001), pet. dismd, improvidently granted, 84 S.W.3d 674 (Tex.
Crim. App. 2002); Bruns v. State, 22 S.W.3d 540, 54243 (Tex.
App.El Paso 2000, no pet.); Moore v.
State, 916 S.W.2d 537, 539 (Tex. App.Dallas 1995, no pet.); Carter v. State, 804 S.W.2d 326, 327
(Tex. App.Waco 1991, no pet.)).  

            Prior to entry of Lanes plea of
guilty, the trial court explained, The charge is theft less than 1,500 with
priors.  It is a state jail felony with
range of punishment six months to two years in state jail with an optional
$10,000 fine.  Lane indicated on the
record that she understood the crime with which she was charged and the range
of punishment prior to her plea.  It is
undisputed that the trial court properly admonished Lane as to the correct
range of punishment for this felony offense. 
Moreover, Lane concedes that [she] cannot point to any particular place
in the record affirmatively establishing that [she] was not aware of the consequences
of her plea or that she was misled or harmed by the admonishment of the
court.  

            We affirm the trial courts
judgment.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 3, 2011

Date
Decided:             November 4, 2011

 

Do
Not Publish

 











[1]The
judgment spells appellants name Felicia; however, the appellant
has signed her name as Felecia.