NO. 07-07-0268-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 5, 2008

_____

DETTA SANDERS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 25TH DISTRICT COURT OF GUADALUPE COUNTY;

NO. 06-1792-CR; HONORABLE DWIGHT E. PESCHEL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Detta Sanders, was indicted on six counts of theft, enhanced by three prior theft convictions. Pursuant to her plea of no contest without an agreement on punishment, she was convicted and sentenced to two years confinement in a state jail facility. Presenting a sole issue, she maintains the evidence is legally insufficient to support her conviction. We affirm.

## Background

By four counts in the indictment, Appellant was charged with theft of items valued at less than $50 and by the remaining two counts, with theft of items valued at more than $50 but less than $500. The crimes were committed against six different complainants. The indictment further alleged that Appellant was convicted of theft on three previous occasions.

## Discussion

Appellant contends by her sole issue that the trial court lacked jurisdiction to sentence her because the evidence is legally insufficient to raise the misdemeanor thefts to the level of a felony.[1] Specifically, she asserts the State failed to prove the prior theft convictions. We disagree.

An appellate court will affirm a trial court's judgment under article 1.15 of the Texas Code of Criminal Procedure Annotated (Vernon 2005), if the State introduced evidence that embraces every essential element of the offense charged and is sufficient to establish

---

[1]Both Appellant and the State mistakenly apply the standard of review for legal insufficiency set forth in *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). However, it is inapplicable where the defendant enters a plea of nolo contendere or guilty. *See Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex.App.–Fort Worth 2007, pet. ref'd).

the defendant's guilt.[2] *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex.App.–Fort Worth 2007, pet. ref'd) (citing *Wright v. State*, 930 S.W.2d 131, 132 (Tex.App.–Dallas 1996, no pet.). When a misdemeanor theft is elevated to a felony theft, the prior theft convictions create a new offense and vest jurisdiction in the district court. *Diamond v. State*, 530 S.W.2d 586, 587 (Tex.Crim.App. 1975). The prior theft convictions become jurisdictional elements of the theft charge and cannot be waived. *Gant v. State*, 606 S.W.2d 867, 871 (Tex.Crim.App. 1980). As such, each count in the indictment charged Appellant with a state jail felony. *See generally* Tex. Penal Code Ann. § 31.03(e)(4)(D) (Vernon Supp. 2007) (providing that the offense is a state jail felony if the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft).

A "catch-all" stipulation in which a defendant stipulates that all allegations contained in the indictment are true and correct is sufficient to constitute a judicial confession which will alone support a conviction. *See Potts v. State*, 571 S.W.2d 180, 181 (Tex.Crim.App.

---

[2]Article 1.15 provides in part:

> it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.

1978). A judicial confession together with an in-court affirmation thereof constitutes compliance with the requirements of article 1.15. *Id.* at 182.

Appellant and her attorney executed a document entitled "Waivers, Stipulations and Admonishments for Plea of Guilty or No Contest." The document lists all six counts of the indictment as well as the enhancement allegations and was introduced into evidence at the hearing on Appellant's plea. Paragraph E of the document, entitled "Voluntariness of Plea and Stipulation of Evidence", provides in relevant part:

> [t]he defendant further admits and stipulates each and every allegation contained in the indictment herein is true and correct.

Additionally, at the hearing on Appellant's plea, the trial court asked her numerous questions about her prior theft convictions. Although Appellant describes the discussion in the record as "confusing" as to whether she was admitting to the three convictions alleged in the indictment, the following response to the trial court's inquiry concerning those prior theft convictions is unequivocal:

> The Court: If you pled guilty, and you were sentenced and placed on probation, that counts as a conviction.
> The Defendant: Okay, I did twice.

Although the indictment alleged three prior theft convictions, section 31.03(e)(4)(D) only requires two prior convictions. Therefore, this admission alone is sufficient to satisfy the requirements of section 31.03(e)(4)(D). Furthermore, later in the colloquy, Appellant

4

admitted to the three prior convictions. During this discussion the trial court also determined that none of the prior convictions had been expunged.

Notwithstanding that the State did not introduce copies of the previous judgments into evidence, Appellant's stipulation and judicial admission are sufficient proof of prior convictions for enhancement purposes. *See Beck v. State*, 719 S.W.2d 205, 209-10 (Tex.Crim.App. 1986). We conclude the evidence is legally sufficient to support Appellant's conviction. Appellant's sole issue is overruled.

**Conclusion**

Consequently, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5