COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-08-00164-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 243rd District Court |
| VENICE REYES, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 20080D01536) |
| | § | |

**O P I N I O N**

Venice Reyes was indicted for felony theft. After the trial court granted Reyes' motion to quash, the State appealed. We will reverse.

**BACKGROUND**

Reyes was indicted for theft of property valued at $50 or more, but less than $500. The indictment further alleged that Reyes was twice before convicted of theft, which elevated the Class B misdemeanor offense to a state-jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(2)(A)(i), (e)(4)(D) (Vernon 2003). Because one of the prior convictions alleged resulted in a probated sentence, and because that probated sentence was never revoked, Reyes filed a motion to quash alleging the State failed to charge a final conviction to elevate the offense to a felony. After a hearing on the motion, the district court granted the motion to quash on grounds that he lacked felony jurisdiction since the State could not prove that prior conviction was final at the hearing. On appeal, the State contends, in a single issue, that the trial court erred by requiring it to prove the prior theft

offense at the motion-to-quash hearing.[1]  We agree.

## DISCUSSION

The sufficiency of an indictment is a question of law.  *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).  When the resolution of a question of law does not turn on an evaluation of witness credibility and demeanor, the trial court is not in an appreciably better position to make the determination than an appellate court.  *Moff*, 154 S.W.3d at 601; *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Thus, we review the sufficiency of an indictment *de novo*. *Moff*, 154 S.W.3d at 601.

The presentment of an indictment vests a district court with jurisdiction.  *See State v. Meadows*, 170 S.W.3d 617, 619 (Tex. App.–El Paso 2005, no pet.).  Further, jurisdiction over a felony offense vests with the district court when the indictment alleges the requisite number of previous convictions. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000).  Therefore, when a defendant challenges the indictment at a pretrial hearing, the only inquiry may be into whether the indictment, on its face, met the pleading requirements.  *State v. Rosenbaum*, 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g); *Meadows*, 170 S.W.3d at 620.  A trial court may not determine the sufficiency of evidence to support or defeat any of the elements of the charged crime alleged in the indictment at a pretrial hearing.  *Rosenbaum*, 910 S.W.2d at 948; *Meadows*, 170 S.W.3d at 620; *State v. Habern*, 945 S.W.2d 225, 226 (Tex. App.–Houston [1st Dist.] 1997, no pet.).

Here, the indictment alleged all of the elements of a state-jail felony theft, that is, that

---

[1]  The State's issue is divided into two parts:  (1) whether the trial court erred by requiring the State to prove the prior conviction in a pretrial hearing; and (2) whether the alleged prior conviction that resulted in a probated sentence could be used to elevate the offense to a felony.  Because we determine that the trial court erred by requiring the State to prove the prior conviction at the motion-to-quash hearing, we do not reach the State's second sub-issue.

Appellant, with the intent to deprive the owner, unlawfully appropriated property valued at $50 or more but less than $500, having two previous convictions for theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(2)(A)(i), (e)(4)(D). Therefore, the indictment, on its face, vested the district court with jurisdiction over a felony offense. The only question before us is whether the prior theft convictions alleged were elements of the charged felony offense such that the State was excused from proving those elements at the pretrial hearing for purposes of surviving a motion to quash.

It has been uniformly held that prior theft convictions alleged to elevate a misdemeanor theft to a felony-level offense are jurisdictional elements of a new, felony offense, rather than simply punishment enhancements. *See Gant v. State*, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980); *Diamond v. State*, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975); *Gollihar v. State*, 56 S.W.3d 606, 608 (Tex. App.–Texarkana 2001), *pet. dism'd improvidently granted*, 84 S.W.3d 674 (Tex. Crim. App. 2002); *Bruns v. State*, 22 S.W.3d 540, 542-43 (Tex. App.–El Paso 2000, no pet.); *Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.–Dallas 1995, no pet.); *Carter v. State*, 804 S.W.2d 326, 327 (Tex. App.–Waco 1991, no pet.). As an element of the offense, the prior theft conviction could not be subject to sufficient proof at the motion-to-quash hearing. In other words, it was improper for the trial court to delve into the sufficiency of evidence to support the elements of the charged felony offense at the pretrial hearing.[2] *Meadows*, 170 S.W.3d at 620; *Habern*, 945 S.W.2d at 226. Accordingly, the trial court erred in ruling that it lacked jurisdiction until that prior conviction was proven. The first sub-issue presented by the State is sustained.

### CONCLUSION

---

[2]  For the State to prove whether a prior conviction was final at a pretrial hearing, the State would be forced to introduce a judgment and, if the prior conviction resulted in a probated sentence, a revocation order. Introducing either document would, in essence, be delving into the sufficiency of the conviction to support the element of the elevated offense. This, the trial court may not require at a pretrial hearing.

Because the trial court was prohibited from forcing the State to prove certain elements of the charged offense, i.e., the prior theft conviction, at the motion-to-quash hearing, the trial court's order granting the motion to quash is reversed. The proceedings are remanded to the trial court below.

GUADALUPE RIVERA, Justice

February 24, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

(Publish)