In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00134-CR

                                                ______________________________

 

 

                                         FELECIA L. LANE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 6th Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 24041

 

                                                            
                                      

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Following a plea of guilty, Felecia[1]
L. Lane was convicted of theft of property in an amount less than $1,500.00
with two prior theft convictions and was sentenced to twenty-four months’
incarceration in state jail.  Her sole
ground on appeal argues that the trial court failed to properly admonish her as
to the correct range of punishment because “the trial court only admonished the
defendant concerning the correct range of punishment for the enhanced
offense.  The trial court failed to
admonish the defendant concerning the range of punishment for the unenhanced
offense.”  Lane argues that the
conviction should be overturned on this ground. 
Because the trial court’s admonishment was proper, we affirm the trial
court’s judgment. 

            Texas law requires that the trial
court admonish the defendant as to the range of punishment upon an entry of a
plea of guilty or nolo contendere.  Tex.
Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2010).  Lane’s indictment alleged she:

then
and there unlawfully appropriate[d], by acquiring or otherwise exercising control
over, property, to-wit: Clothing, of the value of less than $1500, from Tanny Runnels/Dollar General, the owner or representative
thereof, without the effective consent of the owner, and with intent to deprive
the owner of the property.  

            And it is further presented in and
to said Court, that before the commission of the offense alleged above, the
Defendant had theretofore been twice convicted of Theft in that on the 3rd Day
of January, 2006, in the 6th District Court of Lamar County, Texas, in cause
number 20999, the Defendant was convicted of the offense of Theft of Property
with Two (2) Prior Theft Convictions, and on the 17th Day of April 1997, in the
County Court of Lamar County, Texas, in cause number 33676, the Defendant was
convicted of the offense of Theft. 

 

Typically,
theft of property under $1,500.00 is a misdemeanor.  Tex.
Penal Code Ann. § 31.03(e)(3) (West 2011).  However, the indictment establishes that Lane
was charged under Section 31.03(e)(4)(D) of the Texas Penal Code, which states
that the offense is a state-jail felony if “the value of the property stolen is
less than $1,500 and the defendant has been previously convicted two or more
times of any grade of theft.”  Tex. Penal Code Ann. § 31.03(e)(4)(D)
(West 2011).

            Lane was mistaken in her belief that
the two prior offenses were enhancements. 
“It has been uniformly held that prior theft convictions alleged to
elevate a misdemeanor theft to a felony-level offense are jurisdictional
elements of a new, felony offense, rather than simply punishment enhancements.”
 State
v. Reyes, 310 S.W.3d 62, 64 (Tex. App.—El Paso 2010, pet. ref’d) (citing Gant
v. State, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980); Diamond v. State, 530 S.W.2d 586, 587
(Tex. Crim. App. 1975); Gollihar v. State, 56 S.W.3d 606, 608 (Tex.
App.—Texarkana 2001), pet. dism’d, improvidently granted, 84 S.W.3d 674 (Tex.
Crim. App. 2002); Bruns v. State, 22 S.W.3d 540, 542–43 (Tex.
App.—El Paso 2000, no pet.); Moore v.
State, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.); Carter v. State, 804 S.W.2d 326, 327
(Tex. App.—Waco 1991, no pet.)).  

            Prior to entry of Lane’s plea of
guilty, the trial court explained, “The charge is theft less than 1,500 with
priors.  It is a state jail felony with
range of punishment six months to two years in state jail with an optional
$10,000 fine.”  Lane indicated on the
record that she understood the crime with which she was charged and the range
of punishment prior to her plea.  It is
undisputed that the trial court properly admonished Lane as to the correct
range of punishment for this felony offense. 
Moreover, Lane “concedes that [she] cannot point to any particular place
in the record affirmatively establishing that [she] was not aware of the consequences
of her plea or that she was misled or harmed by the admonishment of the
court.”  

            We affirm the trial court’s
judgment.  

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 3, 2011

Date
Decided:             November 4, 2011

 

Do
Not Publish

 











[1]The
judgment spells appellant’s name “Felicia”; however, the appellant
has signed her name as “Felecia.”