

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-11-00134-CR

_____


FELECIA L. LANE, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 24041



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Following a plea of guilty, Felecia[1] L. Lane was convicted of theft of property in an amount less than $1,500.00 with two prior theft convictions and was sentenced to twenty-four months' incarceration in state jail. Her sole ground on appeal argues that the trial court failed to properly admonish her as to the correct range of punishment because "the trial court only admonished the defendant concerning the correct range of punishment for the enhanced offense. The trial court failed to admonish the defendant concerning the range of punishment for the unenhanced offense." Lane argues that the conviction should be overturned on this ground. Because the trial court's admonishment was proper, we affirm the trial court's judgment.

Texas law requires that the trial court admonish the defendant as to the range of punishment upon an entry of a plea of guilty or nolo contendere. TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (West Supp. 2010). Lane's indictment alleged she:

> then and there unlawfully appropriate[d], by acquiring or otherwise exercising control over, property, to-wit: Clothing, of the value of less than $1500, from Tanny Runnels/Dollar General, the owner or representative thereof, without the effective consent of the owner, and with intent to deprive the owner of the property.
> And it is further presented in and to said Court, that before the commission of the offense alleged above, the Defendant had theretofore been twice convicted of Theft in that on the 3rd Day of January, 2006, in the 6th District Court of Lamar County, Texas, in cause number 20999, the Defendant was convicted of the offense of Theft of Property with Two (2) Prior Theft Convictions, and on the 17th Day of April 1997, in the County Court of Lamar County, Texas, in cause number 33676, the Defendant was convicted of the offense of Theft.

---

[1]The judgment spells appellant's name "Felicia"; however, the appellant has signed her name as "Felecia."

Typically, theft of property under $1,500.00 is a misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(3) (West 2011). However, the indictment establishes that Lane was charged under Section 31.03(e)(4)(D) of the Texas Penal Code, which states that the offense is a state-jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West 2011).

Lane was mistaken in her belief that the two prior offenses were enhancements. "It has been uniformly held that prior theft convictions alleged to elevate a misdemeanor theft to a felony-level offense are jurisdictional elements of a new, felony offense, rather than simply punishment enhancements." *State v. Reyes*, 310 S.W.3d 62, 64 (Tex. App.—El Paso 2010, pet. ref'd) (citing *Gant v. State*, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980); *Diamond v. State*, 530 S.W.2d 586, 587 (Tex. Crim. App. 1975); *Gollihar v. State*, 56 S.W.3d 606, 608 (Tex. App.—Texarkana 2001), *pet. dism'd, improvidently granted*, 84 S.W.3d 674 (Tex. Crim. App. 2002); *Bruns v. State*, 22 S.W.3d 540, 542–43 (Tex. App.—El Paso 2000, no pet.); *Moore v. State*, 916 S.W.2d 537, 539 (Tex. App.—Dallas 1995, no pet.); *Carter v. State*, 804 S.W.2d 326, 327 (Tex. App.—Waco 1991, no pet.)).

Prior to entry of Lane's plea of guilty, the trial court explained, "The charge is theft less than 1,500 with priors. It is a state jail felony with range of punishment six months to two years in state jail with an optional $10,000 fine." Lane indicated on the record that she understood the

crime with which she was charged and the range of punishment prior to her plea. It is undisputed that the trial court properly admonished Lane as to the correct range of punishment for this felony offense. Moreover, Lane "concedes that [she] cannot point to any particular place in the record affirmatively establishing that [she] was not aware of the consequences of her plea or that she was misled or harmed by the admonishment of the court."

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      November 3, 2011
Date Decided:        November 4, 2011

Do Not Publish

4