# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00140-CR

**Duone Titus-Ray Hairston, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 16-167, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Duone Titus-Ray Hairston guilty of theft of property valued at less than $2,500 with two prior theft convictions. *See* Tex. Penal Code § 31.03 (a), (e)(4)(D). Appellant submitted the issue of punishment to the trial court, and the court assessed appellant's punishment at confinement for 450 days in a state jail facility and assessed a $1,000 fine. *See id.* § 12.35(a), (b). On appeal, appellant complains about error in the written judgment of conviction and seeks modification of the judgment. We sustain his sole point of error, modify the judgment of conviction accordingly, and affirm the judgment of conviction as modified.

In his sole point of error, appellant argues that the trial court's judgment of conviction must be modified because it incorrectly indicates that he pled true to two enhancement allegations.

The indictment in this case charged appellant with the theft of property valued at less than $2,500—specifically, a cell phone—on or about October 6, 2016, and alleged, for purposes of elevating the offense to a state jail felony theft, two prior theft convictions. *See id.* § 31.03(e)(4)(D) (providing that theft offense is state jail felony if value of property is less than $2,500 and defendant has been previously convicted two or more times of any grade of theft). Although appellant pled "not guilty" to the offense, he stipulated that he was previously convicted of the two prior theft offenses alleged in the indictment. The jury found him "GUILTY of the offense of Theft as alleged in the indictment."

The indictment did not contain any enhancement paragraphs for the purpose of enhancing punishment. *See, e.g.*, *id.* § 12.425 (authorizing enhanced punishment ranges for repeat and habitual offenders convicted of state jail felony offense). "It has been uniformly held that prior theft convictions alleged to elevate a misdemeanor theft to a felony-level offense are jurisdictional elements of a new, felony offense, rather than simply punishment enhancements." *State v. Reyes*, 310 S.W.3d 59, 61 (Tex. App.—El Paso 2010, pet. ref'd) (citations omitted); *see Gant v. State*, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim. App. 1980) (construing predecessor statute of section 31.01(e)(4)(D) and concluding that statutory provision requiring two prior theft convictions for

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

purpose of elevating offense from misdemeanor to felony was "not an 'enhancement' provision at all" but rather "a jurisdictional element—a 'forbidden conduct'—of the felony theft"). However, the trial court's judgment of conviction reflects that appellant pled "true" to two enhancement paragraphs. Because the record in this case clearly demonstrates that there were no enhancement paragraphs in the indictment, the recitation in the judgment that appellant entered pleas of "true" to the enhancement paragraphs is erroneous. We sustain appellant's sole point of error.[2]

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b) (authorizing court of appeals to modify trial court's judgment and affirm it as modified); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (concluding that Texas Rules of Appellate Procedure empower courts of appeals to reform judgments). According, we modify the judgment of conviction to delete any reference to appellant pleading "true" to enhancement paragraphs.

**CONCLUSION**

Having concluded that the written judgment of conviction in this case contains non-reversible error, we modify the trial court's judgment of conviction to delete any reference to appellant pleading to enhancement paragraphs and affirm the judgment as modified.

---

[2] The State concedes that the inclusion of language reflecting a plea to enhancement paragraphs is error and joins appellant's request for modification of the judgment.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Pemberton, and Goodwin

Modified and, as Modified, Affirmed

Filed:   August 4, 2017

Do Not Publish